IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00352-RMR-KLM

KIOSK INFORMATION SYSTEMS, INC.,

       Plaintiff,

v.

COLE KEPRO INTERNATIONAL, LLC;
AMERICAN KIOSKS; ERIC NEBOLA;
TAYLOR LIGHTSEY; AND MICHAEL
RASMUSSEN,

       Defendants.

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

Plaintiff KIOSK Information Systems, Inc. ("KIOSK") and Defendants Cole Kepro International, LLC, Cole Kepro International, LLC d/b/a American Kiosks, Eric Nebola, Taylor Lightsey, and Michael Rasmussen (collectively, "Defendants") jointly and respectfully move entry of a Stipulated Protective Order Governing Confidential Information in this case, and in support state as follows:

1. The parties' respective counsel have agreed to entry of a protective order in this case, and as explained in greater detail below, affirmatively state that there is good cause supporting the entry of such an order.

2. This case implicates the competitive business information of direct competitors. Specifically, Plaintiff has asserted the theft of trade secrets and confidential business information by Defendants, and Plaintiff is a direct competitor to Defendant Cole Kepro.

3. Without waiving their right to object to the discoverability, relevance, or admissibility of such information, the parties anticipate that discovery in this matter may involve the disclosure of confidential and commercially sensitive business information, including but not limited to: confidential and proprietary technical design information, confidential financial information, confidential customer and vendor lists, confidential strategic plans, and similar materials (collectively referred to as "Protected Information").

4. Rule 26(c) of the Federal Rules of Civil Procedure provides a process, in appropriate cases, to limit the discovery or dissemination of certain information. Upon a showing of good cause and as justice may require to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, a court may, among other things, enter a protective order providing that the discovery not be had or be had only on specified terms or conditions. Fed. R. Civ. P. 26(c)(1) and (2); *Gillard v. Boulder County Sch. Dist. Re-2*, 196 F.R.D. 382, 385 (D. Colo. 2000).

5. The Parties agree that entry of a Stipulated Protective Order Governing Confidential Information, will serve to protect the discovery and dissemination of the parties' Protected Information and protect the parties from the potential annoyance, embarrassment, oppression, or undue burden and expense that may attend the discovery process. Fed. R. Civ. P. 26(c)(1); *Gillard*, 196 F.R.D. at 386 ("[b]lanket protective orders

serve the interests, of a just, speedy, and less expensive determination of complex disputes alleviating the need for and delay occasioned by extensive and repeated judicial intervention").

6. The Parties agree to all materials terms of the enclosed proposed protective orders with three exceptions, which concern (1) whether the protective order should contain a third-tier of confidentiality for confidential source code, (2) whether the parties must obtain permission from the designating party before showing witnesses Attorney's Eyes Only documents in a deposition, and (3) whether the parties must seek approval from the designating party before showing their experts Attorney's Eyes Only documents. The Parties' respective positions on these issues are as follows:

**Plaintiff's Position**

Confidential Source Code. KIOSK believes this Action will involve the production of source code. For example, although Defendants have represented that they do not develop or sell software, KIOSK expects that it may seek production of software from third parties with which Defendants do business. Thus, the Protective Order in this case should contain provisions that give adequate protection to such source code. The provisions proposed by KIOSK would provide such protection.

AEO Documents in Depositions. AEO information should only be disclosed to witnesses attending a deposition with the consent of the designating party, or as ordered by the Court. This is a trade secret case between competitors. KIOSK expects that it will produce information related to its trade secrets and other competitively

sensitive business information. In order to prevent this information from being disclosed to its competitors, KIOSK will designate this information as AEO.

Without this provision KIOSK's trade secret and competitively sensitive information could be disclosed to any witness at a deposition, including its direct competitors. Such a disclosure would nullify the effect of designating such documents as AEO in the first place, the entire purpose of which is to prevent the disclosure of such information to competitors.

<u>AEO Documents to Experts.</u>  KIOSK expects that it will produce information related to its trade secrets and other competitively sensitive business information. Because of the value of this information to KIOSK, it is critical that KIOSK is aware of who is given access to this information, including Defendants experts. This provision will not give a designating party undue control over the other sides choice of expert as the provisions includes a procedure for resolving any objections to the disclosure of AEO information to an expert.

**Defendants' Position**

<u>Confidential Source Code</u>. Defendants do not develop or sell software. As such, they do not possess source code relevant to this case to produce and do not intend to request source code from Plaintiff in discovery. Plaintiff's proposed source code provisions are thus unnecessary. These proposed provisions would also unduly complicate the protective order by adding more than 8 pages to what would otherwise be a 12-page document (using Defendants' proposed version).

AEO Documents in Depositions. Requiring the Parties to obtain permission from the opposing party—or, in the alternative, seek a court order—before using AEO documents in depositions will materially hamper the deposition process. It is also unnecessary because both Parties' proposed protective orders require the Parties to obtain a signed acknowledgment from a deponent, binding the deponent to the terms of the protective order, before showing the deponent AEO documents. In addition, this restriction is unnecessary because under Defendants' proposed order, AEO documents could only be shown to witnesses whose names are on the documents in question, meaning the witnesses would already know the information in question.

AEO Documents to Experts. Requiring the Parties to obtain permission from the opposing party before showing their experts AEO materials will result in premature disclosure of expert witnesses, could result in improper disclosure of confidential consulting experts, and gives opposing parties undue control over their opponent's selection of experts. This step is also unnecessary because both Parties' proposed protective orders require experts to execute written acknowledgements binding them to the terms of the protective order.

7. Because the Parties otherwise agree as to other materials terms, they have prepared two versions of their proposed orders—one from Plaintiff and one from Defendants. Plaintiff's proposed version is attached as **Exhibit A**. Defendants' proposed version is attached as **Exhibit B**. A redline comparison between the two versions is attached as **Exhibit C**.

WHEREFORE, the Parties respectfully and jointly request that the Court enter one of the attached Proposed Stipulated Protective Orders, or a combination thereof.

Dated: April 19, 2023

Respectfully submitted,

/s/ David J. Tsai
David J. Tsai
John Steger
Natalie Truong
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
david.tsai@pillsburylaw.com
john.steger@pillsburylaw.com
natalie.truong@pillsburylaw.com

*Attorneys for Plaintiff KIOSK Information Systems, Inc.*

/s/ Charles W. Steese *with permission*
Charles W. Steese
PAPETTI SAMUELS WEISS MCKIRGAN LLP
16430 N. Scottsdale Road, Suite 290
Scottsdale, AZ 85254
Telephone: 480.800.3537
csteese@pswmlaw.com

Alec P. Harris
Michael A. Xavier
ARMSTRONG TEASDALE LLP
4643 S. Ulster Street, Suite 800
Denver, CO 80237
Telephone: (720) 200-0676
aharris@atllp.com
mxavier@atllp.com

*Attorneys for Defendants Cole Kepro International, LLC d/b/a American Kiosks, Eric Nebola, Taylor Lightsey, and Michael Rasmussen*

4881-9697-6222