# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00352-GPG-KLM

KIOSK INFORMATION SYSTEMS, INC.,

        Plaintiff,

v.

COLE KEPRO INTERNATIONAL, LLC;
AMERICAN KIOSKS; ERIC NEBOLA;
TAYLOR LIGHTSEY; AND MICHAEL
RASMUSSEN,

        Defendants.

**[PROPOSED] STIPULATED
PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

Plaintiff KIOSK Information Systems, Inc. ("KIOSK") and Defendants Cole Kepro International, LLC d/b/a American Kiosks, Eric Nebola, Taylor Lightsey, and Michael Rasmussen (collectively, "Defendants") (hereinafter Plaintiffs and Defendants are referred to as the "Parties" or each individually is referred to as a "Party") hereby agree to entry of this Stipulated Protective Order Governing Confidential Information ("Protective Order") in order to preserve the confidentiality of certain information that may be contained in documents produced and certain testimony that may be given by witnesses in this case. Accordingly, IT IS ORDERED THAT:

    1.    This Protective Order shall apply to all documents, materials, and information including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

1

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorney's Eyes Only" pursuant to the terms of this Protective Order. Documents and things produced without such designations shall not be subject to this Protective Order.

2. As used in this Protective Order, these terms have the following meanings:

a. "Action" means the above-captioned case styled *KIOSK Information Systems, Inc. v. Cole Kepro International, LLC, et al.*, 1:23-cv-00352-GPG-KLM, pending in the United States District Court for the District of Colorado.

b. "AEO" Documents are Documents designated as "Attorneys' Eyes Only," pursuant to paragraph 4 below.

c. "Attorneys" means in-house counsel, and outside counsel representing or advising a Party in the Action, except where specifically defined otherwise.

d. "Confidential" Documents are Documents designated pursuant to paragraph 3, below.

e. "Designating Party" is a Party who has designated Documents as either Confidential or AEO pursuant to this Protective Order.

f. "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

g. "Non-Party" or "Non-Parties" means individuals or entities who are not named parties in this case and from whom discovery is sought, either formally or informally, by the Parties in this case.

h. "Receiving Party" is a Party who has received Documents that have been designated as either Confidential or AEO pursuant to this Protective Order.

3. Any Party or Non-Party, through counsel or otherwise, may designate any document, or any part of any document, as "Confidential" if that Party has a *bona fide*

belief that the information contained therein should be protected from public disclosure. Confidential Documents shall be identified by placing or affixing on every page (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

4. A Party or Non-Party may further designate Confidential information as AEO if the information includes, but is not necessarily limited to: trade secrets; proprietary and competitively sensitive business information, engineering or design, personnel, or financial information; or business strategies. AEO Documents shall be identified by placing or affixing on every page (in a manner that will not interfere with their legibility) the following or other appropriate notice: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. Confidential Documents or AEO Documents shall be used only for purposes of this Action. Confidential Documents or AEO Documents shall not be used in any other litigation or proceeding or for any other purpose, absent a written agreement signed by all of the Parties to this Protective Order, or by order of this Court.

6. Any information designated by a Party as Confidential Documents or AEO Documents must first be reviewed by a lawyer who will certify that the designation is based on a good faith belief that the information is entitled to protection under Fed. R. Civ. P 26(c) and this Protective Order.

7. Confidential Documents shall not, without the consent of the Party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

    a. the Court and its employees ("Court Personnel");

    b. copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the Action;

    c. the Parties and their employees to whom disclosure is reasonably necessary for the purposes of this Action;

    d. in-house and outside attorneys for the Parties, and those attorneys' respective employees;

    e. court reporters and videographers transcribing or filming depositions or testimony involving Confidential Information;

    f. expert witnesses and consultants retained in connection with this Action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this Action;

    g. insurers of the Parties, and counsel for insurers of the Parties;

    h. deponents, witnesses or potential witnesses;

    i. those who already had access to the materials; and

    j. other persons by written agreement of the parties or by Court order.

8. AEO Documents shall not, without the consent of the Party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

    a. the Court and its employees ("Court Personnel");

    b. copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the Action;

    c. in-house and outside attorneys for the Parties, and those attorneys' respective employees;

    d. court reporters and videographers transcribing or filming depositions or testimony involving AEO Documents;

    e. expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

    f.  deponents or witnesses only if the deponent or witness's name is on the AEO document in question;

    g.  those who already had access to the materials; and

    h.  other persons by written agreement of the parties or by Court Order.

9. Prior to disclosing any Confidential Documents to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of <u>Exhibit A</u> attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

10. Prior to disclosing any AEO Documents to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of <u>Exhibit B</u> attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

11. The recipient of any Confidential or AEO Documents shall maintain the information in a secure and safe area and in a manner which ensures that access to

Confidential or AEO Documents is strictly limited to persons entitled to receive such Documents in accordance with the provisions of this Protective Order.

12. Nothing in this Protective Order shall prohibit a Party, or its counsel, from disclosing a document designated as Confidential to the author or recipient of the document, or to a person who was or is an officer, employee, or director of the same company as the author or recipient at the time it was sent or received.

13. Whenever a deposition involves the disclosure of Confidential or AEO Documents, the deposition or portions thereof shall be designated as Confidential or AEO (as the case may be), and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential or AEO after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Only persons authorized to receive or view Confidential Documents shall be permitted to attend portions of depositions during which Confidential Documents is disclosed. Only persons authorized to receive or view AEO Documents shall be permitted to attend portions of depositions during which AEO Documents is disclosed. During the course of a deposition, if the response to a question would require the disclosure of Confidential or AEO Information, the witness may refuse to answer or the designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive such information have left the room.

14. An inadvertent failure to designate documents and information as Confidential or as AEO shall not constitute a waiver of a claim of confidentiality and shall be corrected once discovered by prompt supplemental written notice designating the documents and information as either Confidential or AEO. The designating Party and the Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraphs 3 or 4, with the designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement. A written notice shall identify with specificity the information or documents that contain Confidential or AEO Documents. In addition, the Party receiving the newly-designated Confidential or AEO Documents shall use its best efforts to immediately retrieve any inadvertently disclosed Confidential or AEO Documents from any persons to whom it gave such information and who is not otherwise entitled to see such information. Any dispute regarding corrected designations that the Parties are unable to resolve pursuant to this paragraph shall be brought before the Court, but all corrected designations shall be binding upon the Parties unless and until the Court orders otherwise.

15. An inadvertent production of information, documents, or tangible things that should or could have been withheld subject to a claim of attorney-client privilege or work- product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity. In such an event, pursuant to the Model Rules of Professional Conduct 4.4(b) and (c), all Parties shall destroy immediately (or return to the produced Party's counsel) all copies of this

document and withdraw this document from any use in the Action or any other proceeding. Any Party discovering the inadvertent or mistaken production shall notify all other Parties, in writing, within five (5) business days of learning of the inadvertent or mistaken production and shall request or facilitate the return of all information for which an inadvertent or mistaken production is made. Within ten (10) business days after receiving a written request to do so, the receiving Party of those documents shall return to the producing Party any documents or tangible items that the producing Party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information. Any dispute regarding corrected designations or appropriateness of documents or information subject to this "clawback" provision that the Parties are unable to resolve pursuant to this Paragraph 15 herein shall be brought before the Court, but all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise.

16. A Party may object to the designation of particular Confidential or AEO information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as

Confidential or AEO to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential or AEO under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or AEO and shall not thereafter be treated as Confidential or AEO in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as Confidential or AEO shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or AEO. Frivolous objections, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Objecting Party to sanctions.

17.   A Party is not required to challenge or object to a Confidential or AEO designation with respect to any document or information that it does not believe contains such information. The lack of any challenge to a designation of information as Confidential or AEO shall not be referenced or otherwise used to suggest that the Party not challenging the designation agrees that such document or information contains Confidential or AEO Documents. By submitting to this Protective Order, the Parties have not waived any applicable privilege or work product protection.

18.   Documents designated as Confidential or AEO shall not be filed with the Court, except: a) when required in connection with motions filed under Fed. R. Civ. P. 12, 37 or 56 or post-trial motions b) motions to determine confidentiality under the terms

of this Protective Order; c) motions related to discovery disputes, if the Documents are relevant to the motion; or d) in appendices, briefs or other pleadings relating to trial or an appeal. In the event it is necessary for the Parties to file Confidential or AEO Documents with the Court, the Documents shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2.

19.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or AEO documents or information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the relevant acknowledgement(s) that are attached hereto as Exhibits A or B.

20.     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential or AEO, the Receiving Party must so notify the Designating Party, in writing (by email if possible) immediately and in no event more than seven (7) calendar days after receiving the Subpoena or Order. Such notification must include a copy of the Subpoena or Court Order and the Confidential or AEO documents the Receiving Party intended to produce in response to the Subpoena or Order. The Receiving Party also must within ten (10) calendar days inform in writing the party who caused the Subpoena or Order to issue in the other litigation that some or all the

10

material covered by the Subpoena or Order is the subject of this Protective Order and deliver to such party a copy of this Protective Order. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential or Highly material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Once notice is given, and five business days have elapsed without notice of a Motion to Quash or for a Protective Order filed with the court issuing the Subpoena or Order, the Receiving Party shall have no further liability for disclosure pursuant to a subpoena or Order.

21. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Confidential or AEO Documents as that Party may consider appropriate.

22. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential or AEO shall be returned to the party that designated it Confidential or AEO, or the parties may elect to destroy Confidential or AEO Documents; provided, however, that counsel for each party may retain one copy of the Confidential or AEO Documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

23. The terms of this Protective Order shall survive the termination of this Action, and all protections of this Protective Order shall remain in full effect after the termination of this Action.

24. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

25. Each individual who receives any Confidential or AEO Documents agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

26. Nothing in this Protective Order shall constitute an admission by any Party as to the relevance or admissibility of any documents subject to this Protective Order, and the Parties preserve any objections that they may have as to the relevance or admissibility of any such documents.

ORDERED this _____ day of _____, 2023.

BY THE COURT

_____

STIPULATED BY:

[Counsel for Plaintiff]

[Counsel for Defendant]

# EXHIBIT A

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL DOCUMENTS

The undersigned hereby acknowledges and declares under oath that he/she has carefully and completely read the Stipulated Protective Order Governing Confidential Documents in the Civil Action entitled *KIOSK Information Systems, Inc. v. Cole Kepro International, LLC, et al.*, No. 1:23-cv-00352-GPG-KLM (D. Colo.); that he/she is one of the persons contemplated in Paragraph 7 of the Stipulated Protective Order Governing Confidential Documents; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order Governing Confidential Documents. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order Governing Confidential Documents.

_____
Signature

_____
Title or Position

_____
Printed Name

Date: _____

# EXHIBIT B

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER GOVERNING AEO DOCUMENTS

The undersigned hereby acknowledges and declares under oath that he/she has carefully and completely read the Stipulated Protective Order Governing AEO Documents in Civil Action entitled *KIOSK Information Systems, Inc. v. Cole Kepro International, LLC, et al.*, No. 1:23-cv-00352-GPG-KLM (D. Colo.); that he/she is one of the persons contemplated in Paragraph 8 of the Stipulated Protective Order Governing AEO Documents; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order Governing AEO Documents. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order Governing AEO Documents.

_____
Signature

_____
Title or Position

_____
Printed Name

Date: _____