# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00352-~~GPG~~RMR-KLM

KIOSK INFORMATION SYSTEMS, INC.,

                    Plaintiff,

     v.

COLE KEPRO INTERNATIONAL, LLC;
AMERICAN KIOSKS; ERIC NEBOLA;
TAYLOR LIGHTSEY; AND MICHAEL
RASMUSSEN,

                    Defendants.

---

**[PROPOSED] STIPULATED
PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

---

Plaintiff KIOSK Information Systems, Inc. ("KIOSK") and Defendants Cole Kepro International, LLC, Cole Kepro International, LLC d/b/a American Kiosks, Eric Nebola, Taylor Lightsey, and Michael Rasmussen (collectively, "Defendants") (hereinafter Plaintiffs and Defendants are referred to as the "Parties" or each individually is referred to as a "Party") hereby agree to entry of this Stipulated Protective Order Governing Confidential Information ("Protective Order") in order to preserve the confidentiality of certain information that may be contained in documents produced and certain testimony that may be given by witnesses in this case. Accordingly, IT IS ORDERED THAT:

1.     This Protective Order shall apply to all documents, materials, and information including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information

1

disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" or," "HIGHLY CONFIDENTIAL – Attorney's Eyes Only"," or "HIGHLY CONFIDENTIAL – Source Code" pursuant to the terms of this Protective Order. Documents and things produced without such designations shall not be subject to this Protective Order.

2.      As used in this Protective Order, these terms have the following meanings:

a.  "Action" means the above-captioned case styled *KIOSK Information Systems, Inc. v. Cole Kepro International, LLC, et al.*, 1:23-cv-00352-GPGRMR-KLM, pending in the United States District Court for the District of Colorado.

b.a.  "AEO" Documents are Documents designated as "Attorneys' Eyes Only," pursuant to paragraph 4 below.

c.b.      "Attorneys" means in-house counsel, and outside counsel representing or advising a Party in the Action, except where specifically defined otherwise.

c.  "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

d.  "Confidential" Documents are Documents designated pursuant to paragraph 3, below.

e.  "Designating Party" is a Party who has designated Documents as either Confidential or AEO pursuant to this Protective Order.

e.  "AEO" Documents are Documents designated as "Attorneys' Eyes Only," pursuant to paragraph 4 below.

2

f. "Source Code" Documents are Documents designated as "Source Code," pursuant to paragraph 5 below.

g. "Protected Material" means Documents designated as Confidential, Attorneys' Eyes Only, or Source Code.

f.a. "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

g.h. "Non-Party" or "Non-Parties" means individuals or entities who are not named parties in this case and from whom discovery is sought, either formally or informally, by the Parties in this case.

i. "Designating Party" is a Party who has designated Documents as either Confidential, AEO, or Source Code pursuant to this Protective Order.

h.j. "Receiving Party" is a Party who has received Documents that have been designated as either Confidential, AEO, or AEOSource Code pursuant to this Protective Order.

3. Any Party or Non-Party, through counsel or otherwise, may designate any document, or any part of any document, as "Confidential" if that Party has a *bona fide* belief that the information contained therein should be protected from public disclosure. Confidential Documents shall be identified by placing or affixing on every page (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

3

4.      A Party or Non-Party may further designate Confidential information as AEO if the information includes, but is not necessarily limited to: trade secrets; proprietary and competitively sensitive business information, engineering or design, personnel, or financial information; or business strategies.  AEO Documents shall be identified by placing or affixing on every page (in a manner that will not interfere with their legibility) the following or other appropriate notice: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.      Confidential Documents or AEO Documents shall be used only for purposes of this Action. Confidential Documents or AEO DocumentsA Party or Non-Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Source code includes, but is not limited to, computer code, scripts, object code, microcode, software application code, programming code or other machine language instructions, make files, link files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, register transfer language, and hardware description language, as well as any and all human readable comments or files, including programmer notes, annotations, and other comments, interlineated in the Designating Party's source code files as well formulas, engineering specifications, or schematics that disclose any such information. Source Code Documents shall be identified by placing or affixing on every page (in a manner that will not interfere with their legibility) the following or other appropriate notice: "HIGHLY CONFIDENTIAL – SOURCE CODE."   Production or designation of HIGHLY

4

CONFIDENTIAL – SOURCE CODE shall not be construed as a representation or admission by a party that HIGHLY CONFIDENTIAL – SOURCE CODE is properly discoverable in this action, nor does the inclusion of HIGHLY CONFIDENTIAL – SOURCE CODE as part of this agreement obligate any party to produce HIGHLY CONFIDENTIAL – SOURCE CODE.

a.  The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL – SOURCE CODE, unless otherwise advised in writing by the Designating Party or otherwise Ordered by the Court:

i.   Any source code shall be made available for inspection, in electronic (*e.g.*, native) format.  The Designating Party shall produce source code for inspection in electronic (*e.g.*, native) format at any domestic office of its Outside Counsel of Record.  Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 5:00 P.M. local time) on at least five (5) business days' written (including email) notice for an initial inspection and at least two (2) business days written notice (including email) for any subsequent inspection, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice. Notice shall not be required to continue an inspection day-to-day so long as the Designating Party is informed at the conclusion of the inspection that it will continue on the following business day.

ii.  Source code shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Designating Party.

4879-3288-6362

iii. The source code shall be made available for inspection on a secured computer (*i.e.*, the computer may not be linked to any network, including a local area network, an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the computer) in a secured location at the offices of the Designating Party's Attorneys (the "Source Code Computer"). The Source Code Computer may be password protected and shall have the source code stored on a hard drive contained inside the computer. The Source Code computer, as produced by the Designating Party, shall include the following software: (1) Notepad ++ v. 7.9.5; (2) Microsoft Visual Studio Community 2019; and (3) Adobe Reader. At the Receiving Party's request, the Designating Party shall include additional reasonable and commercially-available searching and/or analysis tools on the Source Code Computer. The Receiving Party must request such additional tools at least seven (7) days in advance of the inspection. If there is a cost for the additional analysis tools, the Receiving Party shall bear the cost of such tools. If there is disagreement regarding a request for additional tools the parties may refer the dispute to this Court for resolution. To the extent that such tools record local working files or other records reflecting work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Designating Party.

iv. Except as otherwise provided in this Protective Order, the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device, and may not remove anything from the Source Code Computer. Use or possession of any input/output device (*e.g.*, USB memory stick, mobile phone or tablet,

camera or any camera enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, et cetera) is prohibited while accessing the Source Code Computer.  The Receiving Party shall not use any outside electronic device to copy, record, photograph or otherwise reproduce the source code in any way.  The Designating Party may exercise supervision from outside the review location over the Receiving Party when the Receiving Party is in the location with the Source Code Computer. Such supervision, however, shall not entail review of any work product generated by the Receiving Party (*e.g.*, monitoring the screen of the Source Code Computer, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party).

v.   The electronic source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. The Receiving Party's Attorneys and/or Experts shall be entitled to take handwritten notes relating to the source code.  Such notes shall be labeled "HIGHLY CONFIDENTIAL – Source Code."  Such notes may include the names of files, folders, directories, subroutines, variables, and line numbers, so long as they do not include actual source code.  Otherwise, no copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided in this Protective Order.  Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

vi.  The Designating Party shall include on the Source Code Computer a list of all files available for review on the Source Code Computer.

vii. The Receiving Party shall be entitled to request one (1) hard copy printout of the specific lines, pages, or files of the source code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality.  In the event that the Receiving Party requests more than 25 consecutive pages or an aggregate of more than 800 pages of printed source code, and the Designating Party objects based on the volume of materials requested, the parties shall meet and confer in good faith as soon as possible, and in no event later than five (5) business days after such request by the Receiving Party.  If, after meeting and conferring, the parties cannot resolve the objection, the Receiving Party shall be entitled to immediately seek judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity.  To request the hard copy print out contemplated in this Section, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting using the software[1] available on the Source Code Computer, and save them in a folder on the desktop of the inspection computer named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information, including the full file path and file name, page number, and/or line numbers such that the Designating Party may identify where the source code is located in the original production.  The Designating Party shall provide instructions to the Receiving Party detailing how such information can be

---

[1] The Designating Party shall ensure the software is sufficient to create the production contemplated in this Section.

8

included in a PDF printout using Notepad++ v. 7.9.5.  The Receiving Party shall request printouts of only such portions of source code as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  In no event may the Receiving Party request printouts of entire files as an alternative to reviewing HIGHLY CONFIDENTIAL – SOURCE CODE in the first instance.  However, if the Receiving Party needs additional time to review relevant HIGHLY CONFIDENTIAL – SOURCE CODE, such additional time shall not be unreasonably denied to the Receiving Party, and the parties shall work together in good faith to ensure that the Receiving Party has adequate time to review the HIGHLY CONFIDENTIAL – SOURCE CODE.

viii. In the absence of any objection pursuant to Section 5(a)(vii), the Designating Party shall hand-deliver a paper copy of the .PDF printouts identified by the Receiving Party no later than one business day after it receives a request. Hand-delivery shall be complete upon delivery of the paper copies to the Receiving Party's designated expert who is inspecting the Source Code Computer and/or by delivery to any Attorney for the Receiving Party.  The Designating Party shall print and append production numbers and the designation "HIGHLY CONFIDENTIAL – SOURCE CODE" or "HIGHLY CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER – SOURCE CODE."  The paper copies in the Receiving Party's possession must be kept in a secured location (*i.e.*, an access restricted location such as a restricted conference room or locked drawer) at the offices of the Receiving Party's Attorneys or other person(s) entitled to view and/or possess "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE

9

ORDER – SOURCE CODE" at all times.  The Receiving Party may make no more than two (2) additional paper copies of any portions of the source code files that are bates labeled and produced, not including copies attached to court filings.  Except for when such additional paper copies are being used in deposition or while in transit between authorized persons or for authorized purposes, any such additional paper copies shall be kept in a secured location (*i.e.*, an access-restricted location such as a restricted conference room or locked drawer) at the offices of the Receiving Party's Attorneys or other person(s) entitled to view or possess "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition, at the conclusion of which all copies except the copy used as an exhibit shall be destroyed.

ix. The Receiving Party may make and use short electronic snippets and images of the source code if necessary for court filings, expert reports, discovery responses, trial exhibits, demonstrative exhibits and other similar documents (including drafts thereof).  The Receiving Party must at all times password protect any such electronic copies with a password comprising at least ten characters which include at least the following: a lower case letter, a capital letter, a number, and a special character.  All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal and submitted for *in camera* inspection. Documents containing HIGHLY CONFIDENTIAL – Source Code shall not be filed electronically using the Court's CM/ECF system.

10

x.   Except as provided in Section 5(a)(ix) of this Protective Order, the Receiving Party shall not make any electronic copies of the electronic source code (*e.g.*, Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner—including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code).  The Receiving Party may electronically transmit the password protected documents referenced in Section 5(a)(ix) above to: Experts and Attorneys.  Any such electronic transmission must be encrypted.  Except as permitted herein, unless agreed in advance by the parties in writing, images or electronic copies of source code shall not be included in correspondence (references to production numbers shall be used instead).

xi.  Materials inadvertently left by the Receiving Party in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly. The Designating Party shall not be responsible for any items left in the source code viewing room.

xii. Copies of HIGHLY CONFIDENTIAL – Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record shall clearly identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition HIGHLY CONFIDENTIAL – Source Code exhibit.  If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving

11

Party shall store the exhibit in its marked form and provide one copy to the Attorney for the other Party.

xiii. Attorneys for the Receiving Party with custody of HIGHLY CONFIDENTIAL – SOURCE CODE information shall maintain a source code log containing the following information: (1) the identity of each person granted access to the HIGHLY CONFIDENTIAL – SOURCE CODE information, and (2) the first date on which such access was granted. Attorneys for the Receiving Party shall produce, upon request, the source code log to the Designating Party within twenty (20) days after the final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Designating Party shall also be entitled to a copy of the source code log during the pendency of litigation upon a showing of good cause.

5.6.   Protected Material shall be used only for purposes of this Action. Protected Material shall not be used in any other litigation or proceeding or for any other purpose, absent a written agreement signed by all of the Parties to this Protective Order, or by order of this Court.

6.7.   Any information designated by a Party as Confidential Documents, AEO Documents, or AEOSource Code Documents must first be reviewed by a lawyer who will certify that the designation is based on a good faith belief that the information is entitled to protection under Fed. R. Civ. P 26(c) and/or this Protective Order.

12

7.8.    Confidential Documents shall not, without the consent of the Party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

  a.  the Court and its employees ("Court Personnel");

  b.  copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the Action;

  c.  the Parties and their employees to whom disclosure is reasonably necessary for the purposes of this Action;

  d.  in-house and outside attorneys for the Parties, and those attorneys' respective employees;

  e.  court reporters and videographers transcribing or filming depositions or testimony involving Confidential Information;

  f.  expert witnesses and consultants retained in connection with this Action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this Action;

  g.  insurers of the Parties, and counsel for insurers of the Parties;

  h.  deponents, witnesses or potential witnesses;

  h.  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

  i.  those who already had access to the materials; and

  j.  other persons by written agreement of the parties or by Court order.

8.9.    AEO Documents shall not, without the consent of the Party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

  a.  the Court and its employees ("Court Personnel");

13

b.  copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the Action;

c.  ~~in-house and~~ outside attorneys for the Parties, and those attorneys' respective employees;

d.  court reporters and videographers transcribing or filming depositions or testimony involving AEO Documents;

e.  expert witnesses and consultants retained in connection with this ~~civil action~~Action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this ~~civil action~~Action, and as to whom the procedures set forth in Section 14 have been followed;

f.  ~~deponents or witnesses only if the deponent or witness's name is on the AEO document in question;~~during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

g.  those who already had access to the materials; and

h.  other persons by written agreement of the parties or by Court Order.


10.    Source Code  Documents shall not, without the consent of the Party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

a.  the Court and its employees ("Court Personnel");

b.  outside attorneys for the Parties, and those attorneys' respective employees;

c.  expert witnesses and consultants retained in connection with this Action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this Action, and as to whom the procedures set forth in Section 14 have been followed;

d.  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, with the consent of the Designating

Party or as ordered by the Court, and as to whom to procedures in Section 5 are followed.

9.11.  Prior to disclosing any Confidential Documents to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of <u>Exhibit A</u> attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

10.12. Prior to disclosing any AEO Documents to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of <u>Exhibit B</u> attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be provided to opposing counsel prior to disclosure of any AEO materials.  All such acknowledgments shall also be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

13.     Prior to disclosing any Source Code Documents to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of Exhibit C attached

15

hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be provided to opposing counsel prior to disclosure of any Source Code materials.  All such acknowledgments shall also be retained by counsel and shall be subject to in-camera review by the Court if good cause for review is demonstrated by opposing counsel.

14.   Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any AEO or Source Code information first must make a written request to the Designating Party's Outside Counsel of Record that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party for whom such work was done, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the information sought through parts 2-6 of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide

whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

    a. A Party that makes a request and provides the information specified in the preceding respective sections may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request (the "Objection Period"), the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. The Parties shall work in good faith to agree to longer or shorter Objection Periods if deadlines in the case so require. For the avoidance of doubt, absent written consent of the Designating Party, the Party may not share Protected Material with the identified Expert until either the expiration of the Objection Period without written objection or until the Court resolves the objection.

    b. A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court, unless superseded by the applicable discovery dispute resolution procedures of any Judge or Magistrate Judge presiding over such dispute. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. In any such

proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

11.15. The recipient of any ~~Confidential or AEO Documents~~Protected Material shall maintain the information in a secure and safe area and in a manner which ensures that access to ~~Confidential or AEO Documents~~the Protected Material is strictly limited to persons entitled to receive such Documents in accordance with the provisions of this Protective Order.

12.16. Nothing in this Protective Order shall prohibit a Party, or its counsel, from disclosing a document designated as ~~Confidential~~Protected Material to the author or recipient of the document, or to a person who was or is an officer, employee, or director of the same company as the author or recipient at the time it was sent or received.

13.17. Whenever a deposition involves the disclosure of ~~Confidential or AEO Documents~~Protected Material, the deposition or portions thereof shall be designated as Confidential, AEO, or ~~AEO~~Source Code (as the case may be), and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential, AEO, or ~~AEO~~Source Code after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. _Only persons authorized to receive or view Confidential Documents shall be permitted to attend portions of

depositions during which Confidential Documents is~~~are~~ disclosed.__ Only persons authorized to receive or view AEO Documents shall be permitted to attend portions of depositions during which AEO Documents is~~are~~ disclosed. _Only persons authorized to receive or view Source Code Documents shall be permitted to attend portions of depositions during which Source Code Documents are disclosed._ During the course of a deposition, if the response to a question would require the disclosure of ~~Confidential or AEO Information~~Protected Material, the witness may refuse to answer or the designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive such information have left the room.

~~14.~~18. An inadvertent failure to designate documents and information as ~~Confidential or as AEO~~Protected Material shall not constitute a waiver of a claim of confidentiality and shall be corrected once discovered by prompt supplemental written notice designating the documents and information as either Confidential, _AEO,_ or ~~AEO.~~Source Code. _The designating Party and the Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraphs 3, 4, or 4_5, with the designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement. _A written notice shall identify with specificity the information or documents that contain ~~Confidential or AEO Documents.~~Protected Material. _In addition, the Party receiving the newly-designated ~~Confidential or AEO Documents~~Protected Material shall use its best efforts to immediately retrieve any inadvertently disclosed ~~Confidential or AEO Documents~~Protected Material from any persons to whom it gave

19

such information and who is not otherwise entitled to see such information.  Any dispute regarding corrected designations that the Parties are unable to resolve pursuant to this paragraph shall be brought before the Court, but all corrected designations shall be binding upon the Parties unless and until the Court orders otherwise.

15.19. An inadvertent production of information, documents, or tangible things that should or could have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity.  In such an event, pursuant to the Model Rules of Professional Conduct 4.4(b) and (c), all Parties shall destroy immediately (or return to the produced Party's counsel) all copies of this document and withdraw this document from any use in the Action or any other proceeding.  Any Party discovering the inadvertent or mistaken production shall notify all other Parties, in writing, within five (5) business days of learning of the inadvertent or mistaken production and shall request or facilitate the return of all information for which an inadvertent or mistaken production is made.  Within ten (10) business days after receiving a written request to do so, the receiving Party of those documents shall return to the producing Party any documents or tangible items that the producing Party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information.  Any dispute regarding corrected designations or appropriateness

of documents or information subject to this "clawback" provision that the Parties are unable to resolve pursuant to this Paragraph ~~15~~20 herein shall be brought before the Court, but all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise.

~~16.~~20.  A Party may object to the designation of particular ~~Confidential or AEO information~~Protected Material by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential, AEO, or ~~AEO~~Source Code to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential, AEO, or ~~AEO~~Source Code under the terms of this Protective Order until the Court rules on the motion.  If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential, AEO, or ~~AEO~~Source Code and shall not thereafter be treated as Confidential, AEO, or ~~AEO~~Source Code in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as Confidential, AEO, or ~~AEO~~Source Code shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential, AEO, or ~~AEO~~Source Code.  Frivolous objections, and those made for an improper purpose (*e.g.*,

21

4879-3288-6362

to harass or impose unnecessary expenses and burdens on other parties) may expose the Objecting Party to sanctions.

17.21. A Party is not required to challenge or object to a Confidential, AEO, or AEOSource Code designation with respect to any document or information that it does not believe contains such information.  The lack of any challenge to a designation of information as Confidential, AEO, or AEOSource Code shall not be referenced or otherwise used to suggest that the Party not challenging the designation agrees that such document or information contains Confidential, AEO, or AEOSource Code Documents. By submitting to this Protective Order, the Parties have not waived any applicable privilege or work product protection.

18.    Documents designated as Confidential or AEO shall not be filed with the Court, except: a) when required in connection with motions filed under Fed. R. Civ. P. 12, 37 or 56 or post-trial motions b) motions to determine confidentiality under the terms of this Protective Order; c) motions related to discovery disputes, if the Documents are relevant to the motion; or d) in appendices, briefs or other pleadings relating to trial or an appeal. In the event it is necessary for the Parties to file Confidential or AEO Documents with the Court, the Documents shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2.

19.22. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or AEO documents or informationProtected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

22

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the relevant acknowledgement(s) that are attached hereto as Exhibits A or, B, and C.

23.    Protected Material shall not be filed with the Court, except: (a) when required in connection with motions filed under Fed. R. Civ. P. 12, 37 or 56 or post-trial motions; (b) motions to determine confidentiality under the terms of this Protective Order; (c) motions related to discovery disputes, if the Documents are relevant to the motion; or (d) in appendices, briefs or other pleadings relating to trial or an appeal.  In the event it is necessary for the Parties to file Protected Material with the Court, the Documents shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2.

20.24. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential or AEOcomprising Protected Material, the Receiving Party must so notify the Designating Party, in writing (by email if possible) immediately and in no event more than seven (7) calendar days after receiving the Subpoena or Order. Such notification must include a copy of the Subpoena or Court Order and the Confidential or AEO documentsProtected Material the Receiving Party intended to produce in response to the Subpoena or Order. The Receiving Party also must within ten (10) calendar days inform in writing the party who caused the Subpoena or Order to issue in the other litigation that some or all the material covered by the Subpoena or Order is the subject of this Protective Order and deliver to such party a copy of this Protective Order. The Designating Party

23

shall bear the burdens and the expenses of seeking protection in that court of its Confidential or Highly materialProtected Material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this actionAction to disobey a lawful directive from another court. Once notice is given, and five business days have elapsed without notice of a Motion to Quash or for a Protective Order filed with the court issuing the Subpoena or Order, the Receiving Party shall have no further liability for disclosure pursuant to a subpoena or Order.

21.25. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Confidential or AEO DocumentsProtected Material as that Party may consider appropriate.

22.26. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential or AEOProtected Material shall be returned to the party that designated it Confidential, AEO, or AEO,Source Code or the parties may elect to destroy Confidential or AEO Documentsthe Protected Material; provided, however, that counsel for each party may retain one copy of the Confidential or AEO DocumentsProtected Material for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

23. 27. The terms of this Protective Order shall survive the termination of this Action, and all protections of this Protective Order shall remain in full effect after the termination of this Action.

24. 28. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

25. 29. Each individual who receives any Confidential or AEO Documents Protected Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

26. 30. Nothing in this Protective Order shall constitute an admission by any Party as to the relevance or admissibility of any documents subject to this Protective Order, and the Parties preserve any objections that they may have as to the relevance or admissibility of any such documents.

ORDERED this _____ day of _____, 2023.

BY THE COURT

_____

STIPULATED BY:

[Counsel_____

_____

Telephone: (720) 200-0676
aharris@atllp.com
mxavier@atllp.com

*Attorneys for Defendants Cole Kepro International,
LLC d/b/a American Kiosks, Eric Nebola, Taylor
Lightsey, and Michael Rasmussen*

David J. Tsai
John Steger
Natalie Truong
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 983-1000
david.tsai@pillsburylaw.com
john.steger@pillsburylaw.com
natalie.truong@pillsburylaw.com

*Attorneys* for *Plaintiff*]

[Counsel for Defendant]*KIOSK Information Systems, Inc.*

**EXHIBIT A**

**WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL DOCUMENTS**

The undersigned hereby acknowledges and declares under oath that he/she has carefully and completely read the Stipulated Protective Order Governing Confidential Documents in the Civil Action entitled *KIOSK Information Systems, Inc. v. Cole Kepro International, LLC, et al.*, No. 1:23-cv-00352-GPGRMR-KLM (D. Colo.); that he/she is one of the persons contemplated in Paragraph 7 of the Stipulated Protective Order Governing Confidential Documents; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order Governing Confidential Documents. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order Governing Confidential Documents.

_____
Signature

_____
Title or Position

_____
Printed Name

Date: _____

27

**EXHIBIT B**

**WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER GOVERNING AEO DOCUMENTS**

The undersigned hereby acknowledges and declares under oath that he/she has carefully and completely read the Stipulated Protective Order Governing AEO Documents in Civil Action entitled *KIOSK Information Systems, Inc. v. Cole Kepro International, LLC, et al.*, No. 1:23-cv-00352-~~GPG~~RMR-KLM (D. Colo.); that he/she is one of the persons contemplated in Paragraph 8 of the Stipulated Protective Order Governing AEO Documents; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order Governing AEO Documents. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order Governing AEO Documents.

_____
Signature

_____
Title or Position

_____
Printed Name

Date: _____

**EXHIBIT C**

**WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER GOVERNING SOURCE CODE DOCUMENTS**

The undersigned hereby acknowledges and declares under oath that he/she has carefully and completely read the Stipulated Protective Order Governing Source Code Documents in Civil Action entitled *KIOSK Information Systems, Inc. v. Cole Kepro International, LLC, et al.*, No. 1:23-cv-00352-RMR-KLM (D. Colo.); that he/she is one of the persons contemplated in Paragraph 8 of the Stipulated Protective Order Governing Source Code Documents; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order Governing Source Code Documents. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order Governing Source Code Documents.

_____

Signature


_____

Title or Position


_____

Printed Name

Date: _____

29