# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-00352-GPG-KLM

KIOSK INFORMATION SYSTEMS, INC.,

Plaintiff,

vs.

COLE KEPRO INTERNATIONAL, LLC;
AMERICAN KIOSKS; ERIC NEBOLA; TAYLOR
LIGHTSEY; AND MICHAEL RASMUSSEN,

Defendants.

*See Pre-Scheduling Conf.*
*Order at #30*

---

### SCHEDULING ORDER

---

## 1.   DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) is set for April 25, 2023 at

11:00 a.m. in Courtroom A-401, Fourth Floor Alfred A. Arraj United States Courthouse,

901 19th Street, Denver, Colorado before Magistrate Judge Kristen L. Mix.  The Parties

have agreed to appear telephonically.

Attorneys for Plaintiff KIOSK Information Systems, Inc.:

David J. Tsai
Email: david.tsai@pillsburylaw.com
John Steger
Email: john.steger@pillsburylaw.com
Natalie Truong
Email: natalie.truong@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 983-1000

4895-0000-0862

Attorneys for Defendants: Cole Kepro International, LLC; American Kiosks;

Eric Nebola; Taylor Lightsey; and Michael Rasmussen:

Charles W. Steese
PAPETTI SAMUELS WEISS MCKIRGAN LLP
16430 N. Scottsdale Road, Suite 290
Scottsdale, AZ  85254
Telephone:  480.800.3537
csteese@pswmlaw.com

Alec P. Harris
Michael A. Xavier
ARMSTRONG TEASDALE LLP
4643 S. Ulster Street, Suite 800
Denver, CO  80237
Telephone:  720.200.0676
aharris@atllp.com
mxavier@atllp.com

## 2.    STATEMENT OF JURISDICTION

Plaintiff's position:

This action arises under the laws of the United States, including the Defend

Trade Secrets Act, 18 U.S.C. §1836, et seq.  The jurisdiction of this Court over the

subject matter of this action is proper under 28 U.S.C. § 1331.  This Court has

supplemental jurisdiction over the state law claims alleged herein pursuant to pursuant

to 28 U.S.C. § 1367.

Defendants' position:

Plaintiff's Defend Trade Secrets Act claim is deficient for the reasons identified in

Defendants' motion to dismiss [ECF No. 22].  If that claim is dismissed, there is no basis

for federal subject matter jurisdiction.

2

**3.    STATEMENT OF CLAIMS AND DEFENSES**

A.    Plaintiffs:

This case, among other things, is based on theft of trade secrets and breach of contract by Plaintiff KIOSK Information Systems' ("KIOSK") former executives at the urging and direction of Defendants Cole Kepro, Inc. and American Kiosks (collectively, "Cole Kepro").  Based in Colorado, KIOSK leads the industry in the design and manufacture of self-service solutions, including self-service kiosk machines. Defendants Eric Nebola ("Nebola"), Taylor "Tucker" Lightsey ("Lightsey"), and Michael Rasmussen ("Rasmussen") were each former KIOSK employees.  Nebola was KIOSK's Vice President of Sales (having worked at KIOSK for over 18 years), Lightsey was KIOSK's Director of Product Management (having worked at KIOSK for nearly 14 years), and Rasmussen was KIOSK's Prototype System Manager (having worked at KIOSK for nearly 24 years).

Because of their key roles at KIOSK, Nebola, Lightsey, and Rasmussen had access to KIOSK's valuable confidential, proprietary, and trade secret information. Indeed, Nebola, Lightsey, and Rasmussen each agreed to enter into an Executive Confidentiality Assignment Agreement with KIOSK ("Confidentiality Agreement"), which expressly prohibits Nebola, Lightsey, and Rasmussen from disclosing KIOSK's confidential, proprietary, and trade secret information, and further prohibits each from soliciting or diverting KIOSK's customers, suppliers, or employees.  Such confidential, proprietary, and trade secret information includes, but is not limited to, confidential information about KIOSK's customer database, customer agreements, customers'

3

historical purchasing preferences, customers' key contact information, pricing, quotes, customers' business and technical needs and preferences, customers' service history, as well as confidential, proprietary, and trade secret information regarding KIOSK's product designs, engineering files (*e.g.*, CAD files), sales prospects, product plans, future product development initiatives, actual and planned product technical specifications, pricing and marketing strategy, cost/profit margins, bills of materials ("BOMs"), and component suppliers.

Despite their agreement to be bound by the Confidentiality Agreement, the former employees conspired with Cole Kepro to steal KIOSK's confidential, proprietary, and trade secret information and to divert KIOSK's customers toward Cole Kepro. Nebola began taking meetings with Cole Kepro as early as August of 2021 to discuss employment opportunities with a company that would become American Kiosks—a direct competitor of KIOSK. At this time Nebola was still serving as KIOSK's Vice President of Sales. Nebola continued to ostensibly support the interest of KIOSK, by taking meetings with clients, including the CEO of Bitcoin of America ("BOA") who had already stated BOA's intent of purchasing 1,000 kiosks from KIOSK. Nebola conspired with Lightsey to divert BOA's business away from KIOSK and toward Cole Kepro. On October 7, 2021, Nebola emailed BOA's COO and asked her to call him as soon as possible. On information and belief, Nebola informed BOA that he and Lightsey were leaving KIOSK to join a competitor, and that she should refrain from doing business with KIOSK. Four days later, Nebola resigned from KIOSK, and Lightsey resigned five days later.

4

Shortly after they resigned, Nebola and Lightsey began working for Cole Kepro and founded American Kiosks, which is based in Colorado. Upon forming American Kiosks, Nebola became the President of American Kiosks with Lightsey serving as Vice President of American Kiosks. On information and belief, in May of 2022, Nebola and Lightsey recruited Rasmussen to join American Kiosks. Defendants used KIOSK's confidential, proprietary, and trade secret information to immediately secure a contract with BOA for American Kiosks, and produced a BOA kiosk strikingly similar to that designed by KIOSK in just a few months after forming American Kiosks.

Based on the foregoing, KIOSK brings the following claims:

1. Breach of Contract claims against its former employees, Eric Nebola, Tucker Lightsey, and Michael Rasmussen (collectively, "Former Employees"), based on their breach of the Confidentiality Agreement which they entered into with KIOSK.

2. Breach of the Duty of Good Faith and Fair Dealing against Nebola and Lightsey based on their conduct which was contrary to the agreed upon common purpose of the Confidentiality Agreement.

3. Intentional Interference with Contract claims against Cole Kepro International, LLC ("Cole Kepro") and American Kiosks based on their inducement of Tucker and Lightsey to breach the Confidentiality Agreement.

4895-0000-0862

4.   Tortious Interference with Prospective Business Advantage claims against Nebola, Lightsey, Cole Kepro, and American Kiosks based on their interference with KIOSK's pending deal with Bitcoin of America.

5.   Federal trade secret claims under the Defend Trade Secrets Act against all Defendants based on their misappropriation of KIOSK's trade secrets.

6.   State trade secret claims under the Colorado Uniform Trades Secrets Act against all Defendants based on their misappropriation of KIOSK's trade secrets.

7.   Unjust Enrichment claims against Nebola, Lightsey, Cole Kepro, and American Kiosks based on the business they have received stemming from their misconduct toward KIOSK, including breach of contract, intentional interference with contract, tortious interference with prospective business advantage, and trade secret misappropriation.

8.   Common Law Unfair Competition claims against all Defendants on the basis that Defendants used KIOSK's confidential, proprietary, and trade secret information to quickly design for Bitcoin of America a kiosk that is strikingly similar to that designed by KIOSK.

9.   Breach of the Duty of Loyalty claims against Nebola, Lightsey, and Rasmussen on the basis that as executives and employees of KIOSK, they owed KIOSK a duty of loyalty, which they breached by misappropriating KIOSK's confidential, proprietary, and trade secret information.

4895-0000-0862

B.     Defendants:

It is true that Mr. Nebola, Mr. Lightsey, and Mr. Rasmussen left KIOSK and joined Cole Kepro.  It is also true that Cole Kepro competes with KIOSK in the field of kiosk manufacturing.  However, Plaintiff has not identified any actual trade secret or confidential information purportedly taken by the Defendants and the Defendants have taken none.  In reality, Defendants developed their own kiosk designs, which differ significantly from Plaintiffs.  Moreover, Cole Kepro was a significant player in the cryptocurrency kiosk market well before the Employee Defendants left KIOSK.  As such, Plaintiff's claims for theft of trade secrets, theft of confidential information, tortious interference with contract, breach of fiduciary duties, unfair competition, and unjust enrichment fail.

Many of these claims fail at the pleadings stage for failure to state a claim.  For example, all of the trade secrets claims fail for failure to plead the specific trade secret information taken; the tortious interference with contract claim against Cole Kepro fails because the Complaint does not allege that Cole Kepro was aware of the employee contracts at issue; the breach of implied covenant claim fails because the Complaint does not allege the Employee Defendants had any discretion in performance of their purported duties; and the unfair competition claim fails because Plaintiff does not allege that the public is likely to be confused by the conduct alleged.

Similarly, as to the allegations related to Bitcoin of America ("BOA"), Plaintiff's claim for tortious interference with prospective business advantage claim falls short because Defendants did not improperly interfere with Plaintiff's prospective business

7

relationship with BOA.  Mr. Nebola and Mr. Lightsey did not attempt to interfere with that prospective relationship while still employed with KIOSK and did not take any trade secrets or confidential information in an attempt to do so.

Finally, Plaintiff's non-solicitation claims lack merit. Mr. Nebola did not actively solicit Mr. Lightsey or Mr. Rasmussen and Mr. Lightsey did not actively solicit Mr. Rasmussen.  Moreover, the non-solicitation provisions at issue are unenforceable because they had expired (in the case of Mr. Rasmussen) and because the agreements from which they arise are impermissibly broad and contrary to public policy.

## 4.    UNDISPUTED FACTS

The following facts are undisputed:

1. There is no dispute that venue is proper in this judicial district.
2. There is no dispute that Nebola, Lightsey, and Rasmussen each signed a Confidentiality Agreement with KIOSK.

## 5.    COMPUTATION OF DAMAGES

KIOSK seeks compensatory damages for the value of its loss of business and expectancies, its damaged business relationships, and its loss of reputation.  KIOSK seeks the value of the unjust enrichment to defendants, including, but not limited to restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits obtained by Defendants.  KIOSK also seeks punitive and exemplary damages for the intentional harm inflicted on KIOSK by Defendants.  KIOSK additionally seeks pre-and-post judgment interest, and an award of costs of suit.  KIOSK contends

4895-0000-0862

damage calculations are premature and should be provided after the completion of discovery, including expert discovery.

6.     **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

A.     Date of Rule 26(f) meeting:

      March 27, 2023.

B.     Names of each participant and party he/she represented.

      KIOSK was represented by David Tsai and John Steger.

      Defendants were represented by Charles Steese and Alec Harris.

C.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.

      Rule 26(a)(1) disclosures will be made on or before April 10, 2023.

D.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

      The Parties do not have any proposed changes.

E.     Statement concerning any agreements to conduct informal discovery:

      The Parties have not reached any agreement to conduct informal discovery at this time.

F.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

      The Parties expect to file their Stipulated Protective Order no later than April 19, 2023.

9

G.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

   The Parties have agreed to meet and confer early in this case to explore a plan for discovery of electronically-stored information.

H.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

   The Parties have not yet discussed settlement, but will explore opportunities for promptly settling or resolving the case.

**7.   CONSENT**

At least one Party did not consent to the exercise of jurisdiction of a magistrate judge.

**8.   DISCOVERY LIMITATIONS**

A.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.   *10 depos per side*
*25 rogs per side*

   The Parties do not believe that any changes to the limitations on the number of depositions or interrogatories imposed under the Federal Rules and Local Rules should be made by the Court at this time.

B.   Limitations which any party proposes on the length of depositions.   *Rule 30(d)*

   The Parties do not believe that any changes to the limitations on the length of depositions imposed under the Federal Rules and Local Rules should be made by the Court at this time.

C.   Limitations which any party proposes on the number of requests for production and/or requests for admission.

The ~~Parties agree to limit~~ requests for production to 25 per ~~party~~ and requests for admission to 25 per ~~party~~.

*are limited*
*side*
*side*

Plaintiff's Statement:

Defendants' counsel have represented to KIOSK that American Kiosks is not a distinct legal entity, and is thus not a proper recipient of discovery requests.  KIOSK reserves the right to treat American Kiosks and Cole Kepro as separate legal entites–and as individual party recipients of discovery requests–should information proving such come to light during the course of this action.

D.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Final set of Interrogatories, Requests for Production of Documents, and/or Admissions regarding Fact Discovery must be served no later than November 22, 2023.

E.   Other Planning or Discovery Orders

The Parties expect to file their Stipulated Protective Order no later than April 19, 2023.  ~~Motions to Compel Fact Discovery must be filed no later than February 2, 2024.~~ *All discovery issues will be addressed as set forth in MJ Mix's discovery procedures.*

11

**9. CASE PLAN AND SCHEDULE**

A. Deadline for Joinder of Parties and Amendment of Pleadings:

June 6, 2023; ~~this date will not impact Defendants' ability to assert~~

~~counterclaims, which will be governed by the date the Court decides the~~

~~pending motion to dismiss.~~

*[handwritten: what do parties propose re deadline for filing counterclaims?]*

B. ~~Fact~~ Discovery Cut-off:

~~January 25, 2024~~  *February 29, 2024*

C. Dispositive Motion Deadline:

~~Feb. 2. 8~~

~~May 10, 2024~~  *March 31, 2024*

D. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any.

   The Parties anticipate that each side may have at least one

   technical expert and one damages expert and will disclose experts

   and their anticipated testimony in accordance with the deadlines set

   forth herein.

2. Limitations which the parties propose on the use or number of expert

   witnesses.  *(a) 2 3 experts per side, absent further leave of court*

   ~~None.~~  *(b) 1 expert per side per area of subject matter expertise*

3. The Plaintiff shall designate all experts and provide opposing counsel and

   any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2)

   on or before ~~January 26, 2024~~.  *November 1, 2023*

12

4895-0000-0862

4.      The Defendants shall designate all experts and provide opposing counsel

and any pro se party with all information specified in Fed. R. Civ. P.

26(a)(2) on or before ~~March 15, 2024~~. *December 8, 2023* ~~January 5, 2024~~

*Rebuttal experts by January 26, 2024*

~~5.      Expert depositions must be completed on or before April 12, 2024.~~

E.      Identification of Persons to Be Deposed:

Plaintiff KIOSK anticipates taking depositions of the following individuals in

accordance with the time limitations set forth in Rule 30(d)(1) and reserves

its right to include others as discovery progresses:

i.      Eric Nebola;

ii.     Tucker Lightsey;

iii.    Michael Rasmussen;

iv.     Andrew Cashin

v.      Frederick A. Cook, Jr.

vi.     Daniel Berrry

vii.    Phil Boileau

viii.   The person most knowledgeable about the hiring of Eric Nebola,

Taylor Lightsey, and Michael Rasmussen by Cole Kepro and

American Kiosks;

ix.     The person most knowledgeable about Cole Kepro's and

American Kiosks' relationship with Bitcoin of America;

13

     x.       The person most knowledgeable about Cole Kepro's and American Kiosks' strategy regarding outreach to prospective customers;

     xi.      A representative of American Kiosks appointed pursuant to Rule 30(b)(6) on additional topics to be determined in discovery; and

     xii.     A representative of Cole Kepro appointed pursuant to Rule 30(b)(6) on additional topics to be determined in discovery.

Defendants:

     i.       All disclosed KIOSK employees

     ii.      Jared Muzzey

     iii.     30(b)(6) of KIOSK

     iv.     BOA representative(s)

     v.      Potentially other third parties

Defendants do not agree that all of the persons listed in Plaintiff's enumeration of probable depositions have information relevant to this dispute.

## 10.   DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

A.    Status conferences will be held in this case at the following dates and times:

_____ *As needed.* _____.

B.   A final pretrial conference will be held in this case on _____ at *a date TBD by Judge Gallagher. See his Practice Standards.*

o'clock _____ m.  A Final Pretrial Order shall be prepared by the parties and

submitted to the court no later than seven (7) days before the final pretrial

conference.

**11.   OTHER SCHEDULING MATTERS**

A.   Identify those discovery or scheduling issues, if any, on which counsel after

a good faith effort, were unable to reach an agreement.

None.

B.   Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate a 5-7-day jury trial.

C.   Identify pretrial proceedings, if any, that the parties believe may be more

efficiently or economically conducted in the District Court's facilities at 212 N.

Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S.

Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado

81501-2520; or the U.S. Courthouse/Federal Building, La Plata County

Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

**12.   NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving

attorney's client.

4895-0000-0862

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13.   AMENDMENTS TO SCHEDULING ORDER**

This Scheduling Order may only be altered or amended on a showing of good cause.

DATED at Denver, Colorado, this _25TH_ day of _April_ , 2023.

BY THE COURT:

United States Magistrate Judge

16

4895-0000-0862

APPROVED:

/s/ David J. Tsai
David J. Tsai
John Steger
Natalie Truong
PILLSBURY WINTHROP SHAW
PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 983-1000
david.tsai@pillsburylaw.com
john.steger@pillsburylaw.com
natalie.truong@pillsburylaw.com

Attorneys for Plaintiff
KIOSK Information Systems, Inc.

/s/ Charles W. Steese *with permission*
Charles W. Steese
PAPETTI SAMUELS WEISS MCKIRGAN
LLP
16430 N. Scottsdale Road, Suite 290
Scottsdale, AZ  85254
Telephone: 480.800.3537
csteese@pswmlaw.com

Alec P. Harris
Michael A. Xavier
ARMSTRONG TEASDALE LLP
4643 S. Ulster Street, Suite 800
Denver, CO  80237
Telephone:  (720) 200-0676
aharris@atllp.com
mxavier@atllp.com

Attorneys for Defendants Cole Kepro
International, LLC d/b/a American Kiosks,
Eric Nebola, Taylor Lightsey, and Michael
Rasmussen

4895-0000-0862