1

```
 1                  UNITED STATES DISTRICT COURT
                       DISTRICT OF COLORADO
 2

 3   KIOSK INFORMATION SYSTEMS,    .  Case No. 23-cv-00352-GPG-KLM
     INC.,                         .
 4                                 .
                Plaintiff,         .
 5                                 .
     vs.                           .
 6                                 .  Alfred A. Arraj Courthouse
     COLE KEPRO INTERNATIONAL,     .  901 19th Street
 7   LLC, AMERICAN KIOSKS, ERIK    .  Denver, CO  80294
     NEBOLA, TAYLOR LIGHTSEY, and  .
 8   MICHAEL RASMUSSEN,            .
                                   .
 9                Defendants.      .
                                   .  April 25, 2023
10   . . . . . . . . . . . . . . . .  11:04 a.m.
```

**11       TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE**
**         KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE**

```
12
     APPEARANCES:
13
     For the Plaintiff:          Pillsbury Winthrop Shaw
14                                 Pittman, LLP
                                 By:  David J. Tsai*
15                               By:  John J. Steger*
                                 Four Embarcadero Center
16                               22nd Floor
                                 San Francisco, CA  94111
17                               (415) 983-1200

18   For the Defendants:         Armstrong Teasdale, LLP
                                 By:  Alec P. Harris*
19                               4643 South Ulster Street
                                 Suite 800
20                               Denver, CO  80237
                                 (720) 200-0679
21
                                 Papetti Samuels Weiss
22                                 McKirgan, LLP*
                                 By:  Charles W. Steese
23                               16430 North Scottsdale Road
                                 Suite 290
24                               Scottsdale, AZ  85254
                                 (480) 800-3537
25   *All appearances telephonic.
```

1  Appearances continued:

2  Court Recorder:                    Clerk's Office
                                      U.S. District Court
3                                     901 19th Street
                                      Denver, CO  80294
4
   Transcription Service:             AB Litigation Services
5                                     216 16th Street, Suite 600
                                      Denver, CO  80202
6                                     (303) 296-0017

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

 1                    (Time noted:  11:04 a.m.)

 2            THE COURT CLERK:  Court is in session.

 3            THE COURT:  Good morning.  This is 23-cv-00352,

 4  Kiosk Information Systems, Inc. versus Cole Kepro

 5  International, LLC, American Kiosks, Erik Nebola, Taylor

 6  Lightey, and Michael Rasmussen.

 7            Let's have counsel enter appearances, please,

 8  starting with counsel for the Plaintiff.

 9            MR. TSAI:  Hi.  This is David Tsai with Pillsbury

10  Winthrop Shaw Pittman for Kiosk Information Systems, Inc.

11            And with me is my colleague, John Steger.

12            THE COURT:  Good morning.

13            MR. STEGER:  Good morning.

14            MR. STEESE:  And, Your Honor, this is Chuck Steese

15  on behalf of all of the Defendants.

16            THE COURT:  Good morning.

17            MR. HARRIS:  Good morning, Your Honor.  Alec

18  Harris from Armstrong Teasdale, also here on behalf of all of

19  the Defendants.

20            THE COURT:  Good morning.  We are here for the

21  scheduling conference.  I have the proposed scheduling order.

22  I've been through it.

23            A couple of things to chat with you about.

24            First, please make sure that you look at the pre-

25  scheduling conference order at docket number 30 in your case.

1   That order modifies the scheduling order, so it is important

2   that you are familiar with it and that you comply with it.

3           In terms of your proposed scheduling order, I have

4   received it and gone through it.  A couple of things to speak

5   with you about.  Give me a moment to get to the right page.

6           I made a typographical correction on page 7 in

7   Defendants' statement of defenses, second full paragraph.  In

8   the middle of that page, I think the second line should read

9   "all of the trade secrets claims fail for failure to plead

10  the specific trade secret information taken."  Is that an

11  accurate correction, Mr. Steese?

12          MR. STEESE:  Yes, Your Honor.

13          THE COURT:  All right.  Thank you.  Then moving

14  on, section 6 on your report of your 26(f) meeting, all looks

15  good to me.

16          In terms of discovery limitations in section 8,

17  you are not proposing to modify the presumptive numbers of

18  depositions or interrogatories allowed by the Federal Rules.

19  I think you'll probably recognize that the Rules allow a

20  maximum number of depositions and interrogatories per party.

21          But we have at least four parties on the defense

22  side of the case, maybe five.  And if the presumptive numbers

23  were applied per party, that would give the Defendants way

24  too much in terms of discovery.

25          So I'm much more likely to be satisfied with

1  allowing 10 depositions per side, and 25 interrogatories per

2  side.

3          Is there any objection to that from Plaintiff's

4  counsel?

5          MR. TSAI:  Your Honor, this is Davis Tsai.  We

6  would object to that because each of the Defendants have

7  different stories behind them, and different claims for them.

8  And so the questions are very different, and we're afraid

9  that if we limit the number of interrogatories per each side,

10  then we're not going to get all of the information that we

11  need from each Defendant.

12          THE COURT:  Well, let me tell you, Mr. Tsai, that

13  the way I read and understand the Federal Rules of Civil

14  Procedure, your client being a single entity, would be

15  limited to 10 depositions and 25 interrogatories, regardless

16  of whether I impose the presumptive limits per party or per

17  side, because your party, a single party, would have to live

18  with those limits.

19          So I don't read the limitation under the Federal

20  Rules the same way you do.  There really -- this is an impact

21  on the Defendants.

22          I understand that there is at least some

23  contention that American Kiosk is not a separate Defendant,

24  or should not be a separate Defendant, so assuming that's

25  correct, there would be then four Defendants.  They would

1    each get 10 depositions and 25 interrogatories, for a total

2    of 40 depositions and 100 interrogatories on the defense

3    side, despite the fact that the Plaintiff would only get 10

4    depositions and 25 interrogatories.

5            That's how I read the presumptive limits.  Having

6    said that, it is my practice in almost every civil case,

7    barring unusual circumstances, to make the presumptive limits

8    applied per side, because parties on one side of the case

9    generally have aligned interests and can live with these

10   limitations.

11           So I hear what you're saying.  I disagree for the

12   reasons I've described.  So your objection is overruled.

13           Let me hear from counsel for the Defendants as to

14   whether they object.

15           MR. STEESE:  Your Honor, we actually proposed the

16   per side limitations, and Plaintiff's counsel rejected it.

17   So we are in line with what you are proposing.

18           THE COURT:  All right.  Well, I'm going to impose

19   my limits of 10 depositions per side and 25 interrogatories

20   per side.

21           Let me say this:  The scheduling order, of course,

22   is an order like any other order that can be amended on a

23   showing of good cause.

24           So to the extent that any party finds that the

25   limitations that the Court imposes are not appropriate in

1   that party's view, and that there is good cause to request

2   additional discovery, you may file a written motion to amend

3   scheduling order.

4            Even if the requested amendment pertains to

5   discovery limits, I do not consider this to be a discovery

6   motion, because you're seeking to amend the scheduling order.

7            So that needs to be filed in writing pursuant to

8   my practice standards, and it needs to state good cause for

9   the requested amendment to the scheduling order.

10           All right.  So then in discovery limitation

11  section 8(a), as I said, the parties will be limited to 10

12  depositions per side and 25 interrogatories per side.  Your

13  limit on the length of depositions, as set forth in Rule

14  30(d) of the Federal Rules of Civil Procedure, is fine with

15  me.

16           In terms of limits on requests for production and

17  requests for admission, again, I am inclined to allow those

18  per side.  So requests for production are limited to 25 per

19  side, and requests for admission are limited to 25 per side.

20           To the extent, again, that there are issues with a

21  need or a purported need for additional written discovery,

22  you can take that up by filing a motion to amend the

23  scheduling order.

24           And I appreciate that you are talking about

25  whether American Kiosks is or is not a distinct legal entity,

1   and whether or not it should be both named as a party

2   Defendant, I would think, and subject to discovery limits.

3          I think it will make it a little bit simpler,

4   given that I'm imposing these limitations per side, in terms

5   of the American Kiosks issue.

6          But I would also, of course, encourage you to talk

7   about whether American Kiosks should even be a party to the

8   case.  If it's a trade name for the business, you know, for

9   the Cole Kepro International, LLC, business, then it would be

10  more appropriately named as Cole Kepro International, LLC,

11  dba American Kiosks.

12         I'm going to let you sort that out and just

13  encourage you to do what you can to narrow the number of

14  parties in the case, if that's appropriate.

15         In terms of the deadline to serve written

16  discovery, November 22, 2023, that's fine with me.

17         In terms of other planning or discovery orders,

18  I'll look for your stipulated protective order, if I haven't

19  received it already.  It looks like I do have it, and I'll be

20  looking at it shortly, and will enter it for you.

21         You make a reference in section 8(e) to motions to

22  compel being filed by a particular date.  I'm glad you made

23  that reference, because it reminds me to review my discovery

24  procedures with you.

25         I have my own practice standards on the Court's

1    website.  My practice standards for discovery boil down to

2    this:  Don't file any discovery motion that is contested.  No

3    motions to compel, no motions for protective order, contested

4    ones at least, until you get permission from the Court to do

5    so.

6           Discovery disputes start with sending an email to

7    my Chambers, Mix_Chambers@cod.uscourts.gov, copying opposing

8    counsel, and telling me what the issue is.

9           If it is a written discovery issue, you should

10   attach the written discovery dispute chart that is provided

11   in my practice standards, and a copy of the discovery

12   requests and responses that are at issue.

13          Otherwise, any other kind of issue, you should

14   just send me an email and copy opposing counsel, and tell me

15   what the problem is.  I will then respond through my staff

16   either setting it for a hearing, directing you to file a

17   briefing, or some other combination.

18          So I've stricken the reference to the motions to

19   compel fact discovery being filed by that date, because the

20   pre-scheduling conference order that I referred you to when

21   we began this scheduling conference, at docket number 30,

22   indicates that in my cases the discovery deadline is not just

23   the deadline to complete discovery.  It is also the deadline

24   to make discovery motions.

25          So what that means is that if you have any dispute

1   with respect to discovery, you must bring it to my attention

2   by the discovery deadline.  So the discovery deadline that's

3   going to be put into effect in the scheduling order is the

4   deadline by which any motions to compel, so to speak, must be

5   made by sending me an email and telling me about an issue

6   that needs the Court's attention.

7            Any questions about that from Plaintiff's counsel?

8            MR. TSAI:  No, we don't.  I'm just -- we've

9   already served our interrogatories, and we're beyond 25

10  already, I believe.  So we're going to have to deal with

11  that, because we really did need separate questions --

12  interrogatories for each of the Defendants, because they're

13  different for each one of them.

14           So we're going to have to figure out how to do

15  that and how they're not going to be sub-part.  So I'm still

16  dealing with that issue.

17           THE COURT:  Okay.  Well, I suggest that you confer

18  with counsel for the Defendants.  That's a requirement of our

19  Local Rules.  Prior to filing any contested motion, see if

20  you can resolve it with them.  If you cannot, then you're

21  free to make a motion to amend the scheduling order on a

22  showing of good cause with respect to the number of

23  interrogatories you wish to serve.

24           MR. TSAI:  Okay.  Yeah, I'm afraid we might have

25  to do that right away.  Okay.  Thank you.

1        THE COURT:  All right.  Any questions on the

2   discovery issues from Defendants?

3        MR. STEESE:  Your Honor, the only question that I

4   have with respect to the -- we did notice your local practice

5   and custom, and by discovery motion we meant email.  We

6   probably should have made a specific reference to that.  So

7   thank you for that.

8        But the question comes for me, often things are

9   happening on the very last day of the discovery deadline.

10  And if you get documents or interrogatory responses on the

11  last day, and you then have an obligation to meet and confer

12  before you send the email, how do you propose you deal with

13  that conundrum?  That's the reason that we pushed the

14  deadline out, despite the comment in your earlier order, just

15  by a few days.

16        THE COURT:  That's why we have you set a deadline

17  to serve written discovery that's at least, you know, 45 days

18  prior to the discovery cutoff, because if your deadline to

19  serve written discovery is November 22, 2023, and your

20  discovery cutoff is January 25, 2024, you should in the

21  ordinary course of events receive responses around late

22  December of 2023.

23        You then have more than a month to review the

24  responses, confer about problems, and bring those problems to

25  the attention of the Court if you can't resolve them.

1           If you do not -- if you send the last set of

2    written discovery out on November 22nd, you expect to receive

3    responses around December 22nd, 23rd, 24th, you do not, then,

4    of course, you must confer with opposing counsel about when

5    are you going to get responses.

6           And if you think there will be substantial delay

7    and that you might need more time on the discovery cutoff to

8    make motions, you should ask the Court to amend the discovery

9    deadline in the case to accommodate your need to receive last

10   minute discovery responses, review them, confer with opposing

11   counsel if there are issues, and then bring those issues to

12   the attention of the Court.

13           Does that make sense?

14           MR. STEESE:  I understand.  Thank you.  That makes

15   sense.  Sometimes you get supplements, things are happening

16   towards the end, and I just wanted to make sure that I was in

17   conformance.

18           But that absolutely helps me understand what the

19   intentions are.  So thank you.

20           THE COURT:  Okay.  All right.  Then in order to

21   make it clear what I mean with respect to section 9(e), which

22   we've been discussing, I've written in that "all discovery

23   issues will be addressed as set forth in Magistrate Judge

24   Mix's discovery procedures."

25           Talking about section 9 on your case plan and

1    schedule, there is a deadline to join parties, amend

2    pleadings, that you've proposed of June 6th.  That's fine

3    with me.

4              There is also a statement that that date will not

5    impact Defendants' ability to assert counter-claims, which

6    will be governed by the date the Court decides the pending

7    motion to dismiss.

8              The case is assigned to Judge Gallagher for trial.

9    He's the Article III Judge on the case.  He has not referred

10   the motion to dismiss, and I think is unlikely to do that.

11   That means it will be on his plate to issue a ruling.

12             I can give you absolutely no guidance whatsoever

13   as to how soon you'll get a ruling on a motion to dismiss

14   pending before Judge Gallagher, because Judge Gallagher has

15   been a District Judge for less than a month, and we don't

16   have a track record.  I don't know what his practices will

17   be.

18             But there is a significant possibility that a

19   ruling on a motion to dismiss will not be made for some time.

20             So, you know, we can do this in a couple of

21   different ways.  I'd like to get something in writing about

22   -- in the scheduling order about the deadline for filing any

23   counter-claims.  If you want to do it within X days of a

24   ruling on the motion to dismiss, you can do it that way, but

25   I can't guarantee you that that will occur prior to the

1    discovery cutoff.

2                Then you'll have to move to amend the scheduling

3    order to accommodate the late filed counter-claims, et

4    cetera.

5                So, you know, I'll leave it up to you.  But I

6    think we need to say something in the scheduling order about

7    the deadline to assert counter-claims.

8                There are a couple of things you need to be aware

9    of with respect to motions to dismiss.

10               First of all, the motion to dismiss -- the filing

11   of a motion to dismiss in any civil case in this District has

12   no impact whatsoever on discovery.  None.  And that's because

13   the Federal Rules so specify that discovery can begin upon

14   completion of the Rule 26(f) conference unless a stay is

15   imposed.

16               There are cases in which parties who file motions

17   to dismiss ask to stay the case while the motion to dismiss

18   is pending.  That usually is made by the filing of a formal

19   motion for stay.  The Court then weighs the necessary factors

20   under the *String Cheese Incident* case and decides whether to

21   impose a stay, or not.

22               But in the absence of the filing of a motion to

23   stay, and the absence of a granting of a motion to stay, the

24   case proceeds down the track in discovery.

25               So, you know, I guess I understand from a

 1   technical point of view the Defendants' reluctance to file

 2   counter-claims until the motion to dismiss is decided, but

 3   I've got to tell you, as a lawyer who has been familiar with

 4   the practices in this District for almost 40 years, I

 5   wouldn't do it.

 6          I would file the counter-claims, and ask

 7   permission, of course, to file the counter-claims, in light

 8   of the fact that no answer has been filed, so that discovery

 9   can begin and be completed in a timely fashion with respect

10   to counter-claims, as well.

11          Otherwise, you're likely going to be in the

12   situation where you'll get a ruling on the motion to dismiss

13   and will either have very little time left in the discovery

14   period, or no time left, and have to seek to amend the

15   scheduling order on a showing of good cause.

16          So in light of all of that, we can leave your

17   language that the date will not impact the Defendants'

18   ability to assert counter-claims, but we're going to have to

19   do something about tying the filing of counter-claims to a

20   ruling on the motion to dismiss with more specificity.

21          If the Defendants still want to proceed by tying

22   assertion of counter-claims to the motion to dismiss, then

23   you'll need to give me a number of days after the ruling on

24   the motion to dismiss in which counter-claims will be filed.

25          So, Mr. Steese, how do you want to handle that?

1          MR. STEESE:  Your Honor, you're highly persuasive.

2   We thought this through.  We were hopeful that in light of

3   the recent appointment that his calendar would be less busy

4   and we'd get a decision.

5          But why don't we simply put in the same June 6th

6   date.  We'll just use the exact same date, and we'll move for

7   leave to accept our counter-claims in advance of filing the

8   answer, and we'll proceed accordingly.

9          THE COURT:  All right, thank you.  Then I'll

10  strike the language "after June 6, 2023," and that will be

11  the deadline to join parties and amend pleadings.

12         You've indicated in 9(b) a fact discovery cutoff

13  date, and then separately you've indicated in section 9(d)(5)

14  that expert depositions would be completed by a subsequent

15  date.

16         But that's not how we do things in the District of

17  Colorado.  We rarely have separate fact discovery and expert

18  discovery cutoff dates.

19         And I've been around the block many, many, many

20  times in trade secret cases.  I understand how fraught they

21  are.  I understand how emotionally involved the parties get.

22  And I understand how they tend to be perceived by both

23  counsel and the parties as larger than life, and requiring a

24  lot more time for discovery and a lot bigger amount of

25  discovery, et cetera.

1          But they are really treated in this District very

2    similarly to all other civil litigation.  And we generally do

3    not allow the amount of time that you are proposing here for

4    a subsequent expert discovery cutoff deadline.

5          Typically, discovery period in this Court is about

6    six months, and that's for both fact and expert discovery.

7          If you're really concerned about the breadth of

8    your case, and you think you need a little more time, I'd be

9    inclined to give you a little more time on the discovery

10   cutoff.

11         You've essentially proposed an eight month

12   discovery period anyway, or even longer, a nine month

13   discovery period.  It's particularly difficult for me to

14   allow more time for experts and expert discovery once you've

15   set a fact discovery cutoff in January.

16         So what I'm inclined to do here is to make your

17   proposed fact discovery cutoff date the discovery cutoff

18   date.  I would move up the dispositive motion deadline,

19   because you don't need all of that extra time if you're going

20   to complete all discovery by January 25, 2024.

21         The dispositive motion deadline would likely be

22   the end of February.  I'd make it February 28, 2024.

23         Then for experts, the deadlines I would propose to

24   set would be designation by Plaintiff on or before December

25   1, 2023; designation by Defendants on or before January 5,

1  2024.

2           You have not included any designation deadline for

3  rebuttal experts.  Generally, we do that, as well.  I would

4  make a rebuttal expert deadline of January 15, 2024.  I would

5  invite counsel's comments on that proposal.

6           Mr. Tsai?

7           MR. TSAI:  Your Honor, I think that's fine.  We'll

8  abide the dates that you have set here.  I think that's fine.

9  Thank you.

10          THE COURT:  Thank you.  And Mr. Steese?

11          MR. STEESE:  Your Honor, the only trouble that I

12 have with that is you had a date of December 1 for them, and

13 that really includes a time that's so difficult, the last 10

14 days of December.

15          I would propose that you either move up the --

16 meaning a week earlier the Plaintiff's expert disclosure

17 deadline, so we have a bit more time in light of the

18 holidays, or move ours back a week.  Either of those would be

19 acceptable to us.

20          THE COURT:  All right.  Let me think about it for

21 a minute.  I agree that holiday time is difficult.  Setting

22 the Defendants' disclosure deadline at January 5th would be

23 tough, too.

24          Why don't we do this:  Why don't we make the

25 Plaintiff's designation deadline November 1st; Defendants'

1  designation deadline December 1st; and rebuttal experts

2  designation deadline of January 5th.

3           How does that suit everybody?  Does that suit you,

4  Mr. Tsai?

5           MR. TSAI:  Well, our rebuttals are now right after

6  the holidays, too.  So if we could move that a week, that

7  would be better, given the experts and the holidays.

8           THE COURT:  Okay.  So we're talking about

9  Plaintiff's experts by November 1st; Defendants' experts by

10 December 1st; rebuttal experts by -- why don't we make it

11 January -- I'm going to look at a calendar for a second.

12 Give me a second.

13          MR. STEESE:  Your Honor, if I could make a quick

14 comment while you're doing that.

15          In the trade secret case here, we're struggling to

16 know what the trade secrets are, to be very candid.

17          So I'm reluctant to have a month.  I'd like six,

18 or at least five weeks.

19          And here, if we're talking about rebuttal, you've

20 only contemplated two weeks, and we gave them more than a

21 month.  So it seems to me as though you could easily make

22 ours, instead of December 1, December 8.  That's one more

23 week.  And then give them the time that you were

24 contemplating in light of the holidays, and since it was only

25 going to be a two week rebuttal period, you've really given

 1  them a month anyway.  But that accommodates for the holiday.

 2          THE COURT:  All right.  So December 8th is a

 3  Friday.  So how about this:  November 1, 2023, for

 4  Plaintiff's designations; December 8, 2023, for Defendants'

 5  designations; and I'm going to make it the end of January of

 6  2024 for rebuttal designations.  Let's say January 25, 2024

 7  for rebuttal designations.

 8          And then the discovery cutoff would be February

 9  29, 2024.  It is a Leap Year.  And the dispositive motion

10  deadline would be March 31, 2024.

11          So one more time I'll go through it.  Tell me if

12  you agree or disagree.

13          Plaintiff's designation of experts by November 1,

14  2023; Defendants' designation of experts by December 8, 2023;

15  rebuttal experts designation by January 25, 2024; discovery

16  cutoff February 29, 2024; dispositive motion deadline March

17  31, 2024.

18          Any objection to that Mr. Tsai?

19          MR. TSAI:  No objection.  Thank you, Your Honor.

20          THE COURT:  Thank you.  And Mr. Steese?

21          MR. STEESE:  No objections, Your Honor.

22          THE COURT:  All right.  Thank you.  With respect

23  to limits on experts in 9(d)(2), it's not my practice to

24  impose limits on the use of experts at this stage.  I think

25  it's premature to do that.

1           But in terms of the numbers of experts, in light

2    of what you have identified in section 9(d)(1), I'm inclined

3    to limit you to three experts per side, absent further leave

4    of Court, and only one expert per side per area of subject

5    matter expertise.

6           In other words, if the Plaintiff wants to have an

7    accountant testify with respect to damages, Plaintiff gets

8    one accountant.  Not more than one.

9           So any objection to that proposal from Plaintiff's

10   counsel?

11           MR. TSAI:  No, Your Honor.

12           THE COURT:  And from defense counsel?

13           MR. STEESE:  No objection.

14           THE COURT:  Great.  All right.  Then moving on.  I

15   note that Defendants have indicated at the bottom of section

16   9 that they don't agree that all of the persons listed in the

17   Plaintiff's list of probable depositions have information

18   relative to the dispute.

19           Again, that's a subject for conferral among

20   counsel.  See if you can work it out.  And if you can't, then

21   of course you know what to do, bring it to my attention.

22           In terms of section 10 on dates for further

23   conferences, status conferences in section (a) I will hold as

24   needed.  If you need a status conference, please file a

25   motion and tell me why you need one.  That helps me to assess

 1   how much time to set aside on my docket for the status

 2   conference.

 3          We'll then get back in touch with you about

 4   setting a mutually convenient date for any status conference

 5   you request.

 6          In terms of section (b) and the final pre-trial

 7   conference, I mentioned the case is assigned to Judge

 8   Gallagher.  He conducts his own final pre-trial conferences.

 9   I'm going to encourage you to read his practice standards

10   thoroughly, and they will tell you what you need to do to get

11   a final pre-trial conference date from Judge Gallagher.

12          In the meantime, I've written in here that "the

13   final pre-trial conference will be held on a date to be

14   determined by Judge Gallagher."

15          Last but not least, I want to make sure you're

16   aware that this case will eventually be reassigned in some

17   fashion, because it will extend beyond my retirement date,

18   which is August 4, 2023.  So keep your eye on the electronic

19   docket for a notice of reassignment of the case that will be

20   filed right around that time, August 4, 2023.

21          And to whomever it is reassigned, I'll encourage

22   you -- it will likely not be reassigned to a different

23   District Judge, but it will be reassigned to a different

24   Magistrate Judge.  And I encourage you, of course, to review

25   that Magistrate Judge's practice standards immediately upon

 1   reassignment, because not all Magistrate Judges have the same

 2   practice standards.

 3          And although you're obligated to follow mine until

 4   my retirement, you certainly are not obligated to follow mine

 5   beyond that.

 6          All right.  That is what I have for you today.  Is

 7   there anything else we need to address today from the

 8   Plaintiff's point of view, Mr. Tsai?

 9          MR. TSAI:  Thank you, Your Honor.  And

10   congratulations on your upcoming retirement.

11          THE COURT:  Thank you.

12          MR. TSAI:  We did file documents related to the

13   stipulated protective order, but there were a couple items

14   that were in dispute.  I don't know if you want to address

15   those now.  I don't know if you've had a chance to look at

16   the papers.

17          THE COURT:  I'm sorry, you said a couple of items

18   that were what?

19          MR. TSAI:  In dispute.

20          THE COURT:  Oh, okay.

21          MR. TSAI:  With respect to the -- yeah, the

22   stipulated protective order.

23          THE COURT:  I haven't looked at it yet.  Did you

24   give me the dueling language, so to speak?  Did you give me

25   Plaintiff's version of the language versus Defendants'

1    version of language on the disputed issues?

2            MR. TSAI:  Yes, ,we did, Your Honor.

3            THE COURT:  Let me look at it.  If I think I need

4    you, I know how to find you.  I'll contact you if we need to

5    set it for a hearing.

6            MR. TSAI:  Sounds good.

7            THE COURT:  Okay?

8            MR. TSAI:  All right.  Great.  Thank you.

9            THE COURT:  You're welcome.  Anything further we

10   need to address today from Defendants, Mr. Steese?

11           MR. STEESE:  No, Your Honor.  Congratulations on

12   the upcoming retirement.  Other than that, no.

13           THE COURT:  Thank you.  All right.  We will be in

14   recess.

15           MR. STEESE:  Thank you.

16           MR. TSAI:  Thank you, Your Honor.

17           THE COURT CLERK:  Court is in recess.

18                    (Time noted:  11:34 a.m.)

19                         *  *  *  *  *

20

21

22

23

24

25

1                              CERTIFICATE

2          I, RANDEL RAISON, certify that the foregoing is a

3     correct transcript from the official electronic sound

4     recording of the proceedings in the above-entitled matter, to

5     the best of my ability.

6

7

8     _____        May 9, 2023

9     Randel Raison

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25