IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-00352-GPG-KLM

KIOSK INFORMATION SYSTEMS, INC.,

    Plaintiff,

v.

COLE KEPRO INTERNATIONAL, LLC,
AMERICAN KIOSKS,
ERIC NEBOLA,
TAYLOR LIGHTSEY, and
MICHAEL RASMUSSEN,

    Defendants.

## ORDER

Before the Court is the Report and Recommendation by United States Magistrate Judge Kristen L. Mix issued on June 29, 2023 (D. 50). Judge Mix recommended that Defendants' Partial Motion to Dismiss (D. 22) be granted in part and denied in part. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

The parties were advised that they had fourteen days after being served with a copy of the Recommendation to file written objections seeking reconsideration by the District Judge assigned to the case. *See* Fed. R. Civ. P. 72(b). Neither party has filed an objection to Judge Mix's Recommendation.

Under 28 U.S.C. § 636(b)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. Fourteen days after issuance of a recommendation, the Court must "determine de novo any part of the magistrate judge's

1

[recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A party's failure to file such written objections may bar the party from a de novo determination by the district judge of the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When this occurs, the district judge is "accorded considerable discretion" and may review a magistrate judge's report under any standard it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).

After reviewing all the relevant pleadings, the Court concludes that Judge Mix's analysis was thorough and comprehensive and that the Recommendation is well-reasoned. The Court finds no clear error on the face of the record. Accordingly, the Court AFFIRMS and ADOPTS Judge Mix's Recommendation (D. 50) as an Order of this Court. Defendants' motion (D. 22) is GRANTED IN PART and DENIED IN PART.

It is hereby ORDERED that the following claims are dismissed: (1) Claim II, in full, against Defendants Nebola and Lightsey, with prejudice; (2) Claim IV, in part, against Defendants Nebola and Lightsey, without prejudice; (3) Claim VII, in part, against Defendants Nebola and Lightsey, without prejudice; (4) Claim VIII, in full, against all Defendants, without prejudice; (5) Claim IX, in full, against Defendants Nebola, Lightsey, and Rasmussen, without prejudice; and (6) Claim X, in full, against Defendants Nebola and Lightsey, without prejudice.

It is FURTHER ORDERED that the motion is DENIED in all other respects.[1]

---

[1] The following claims thus remain: (1) Claim I, breach of contract against Defendants Nebola, Lightsey, and Rasmussen; (2) Claim III, intentional interference with contract against Defendants Cole Kepro and American Kiosks; (3) Claim IV, tortious interference with prospective business advantage against Defendants Cole Kepro and American Kiosks; (4) Claim V, violation of the DTSA against all Defendants; (5) Claim VI, violation of the CUTSA against all Defendants; and (6) Claim VII, unjust enrichment against Defendants Cole Kepro and American Kiosks.

DATED August 4, 2023.

BY THE COURT:

Gordon P. Gallagher
United States District Judge