**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00352-GPG-KAS

KIOSK INFORMATION SYSTEMS, INC.,

                    Plaintiff and Counterclaim Defendant,

        vs.

COLE KEPRO INTERNATIONAL, LLC; AMERICAN KIOSKS;
ERIC NEBOLA; TAYLOR LIGHTSEY; AND MICHAEL
RASMUSSEN,

                    Defendants and Counterclaim Plaintiffs.

---

**STIPULATED ORDER RE DISCOVERY OF
ELECTRONICALLY STORED INFORMATION**

---

        Having reviewed the Parties' Stipulation for Entry of Order Regarding Discovery of

Electronically Stored Information ("ESI"), and good cause appearing, the Court enters the

following Order Regarding Discovery of Electronically Stored Information ("ESI Order") to

govern the production of documents and ESI in these proceedings:

**I.      Scope**

        1.      <u>Objective</u>.  This ESI Order is designed and shall be interpreted to ensure

that, subject to any objections by the Party producing documents or ESI ("Producing

Party"), responsive, non-privileged documents and ESI are produced by the Producing

Party with a minimum of unnecessary costs.  Nothing in this document is intended to be

an exhaustive list of discovery obligations or rights of a Producing Party or the Party

requesting the documents or ESI ("Receiving Party").

1

This ESI Order shall not enlarge the scope of discovery in this litigation as imposed by the Local Rules, the Federal Rules of Civil Procedure, the Court's orders, or as agreed to between the Parties.  This Order streamlines production of ESI to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.      <u>Modification</u>.  This ESI Order may be modified at the Court's discretion or by stipulation of the Parties.

3.      <u>Cost-Shifting</u>.  As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26.  Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.  A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.      <u>Limitations and Non-Waiver</u>.  The Parties and their attorneys do not intend by establishing and complying with this ESI Order to waive their rights to any protection, objection, or privilege, including the attorney-client privilege or the attorney work product doctrine.  All Parties preserve their attorney-client, attorney-work-product, and other privileges; objections; and protections, and there is no intent by the ESI Order to in any way waive or weaken these privileges and protections.  All documents produced hereunder are fully protected and covered by any protective orders entered by the Court in these proceedings.  Further, nothing in this ESI Order is intended to alter or affect any party's rights or obligations under any order by this Court, but shall be construed instead, wherever possible, as consistent with any order by this Court.

4871-9843-5448

5.      <u>Discoverability and Admissibility</u>.   Nothing in this ESI Order shall be construed to affect the discoverability or admissibility of any document or data.   All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

6.      <u>System Files</u>. Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process.   Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list.

## II.     Preservation and Production Detail

7.      The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that, with the exception of contracts, policies, and personnel files, only existing ESI created or received on and after January 1, 2021 will be preserved.   For contracts, policies, and personnel files relevant to the dispute, the parties have an obligation to search for responsive documents irrespective of date.

8.      <u>Document Sources</u>.   Responsive ESI will be collected and produced from custodial and non-custodial data sources.   Each party will individually identify search terms and custodians appropriate for gathering responsive documents.   If a party can articulate a reasoned position why it believes the document production is incomplete, that party can ask the opposing party to produce its search terms and custodians, which shall then be promptly produced.   Thereafter, if the Parties cannot reach agreement search

4871-9843-5448

terms and/or custodians, they shall bring their discovery dispute to the Court for resolution, pursuant to the procedures delineated by the Court in its Scheduling Order.

9.      Each party is required to produce only a single copy of a responsive document (based on MD5 or SHA-1 hash values).  A party may also de-duplicate email threads as follows: In an email thread for which a given last-in-time message is produced, any emails fully contained in that last-in-time message need not be separately produced; any separate "branches" from an email thread not fully contained by the last-in-time message must be separately produced.  Where a prior email contains an attachment, that email and attachment must be produced.

10.     To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the Parties shall meet and confer to discuss another proposed method of de-duplication.

**III.    Production Format**

11.     Schedule A.  ESI and non-ESI shall be produced by the Producing Party in the formats described in Schedule A.  If documents or ESI warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents or ESI.  The Parties agree to produce documents and ESI in a format that facilitates searchability by the Receiving Party and will not degrade the searchability of documents or ESI as part of the document production process.

12.     Schedule B.  To reduce the costs and burdens of preservation, the Parties agree that, unless otherwise ordered by the Court on motion of a party, the information sources listed in Schedule B need not be preserved, searched, reviewed, or produced.

4871-9843-5448

**IV.     Assertions of Privilege**

13.     To limit the cost of a privilege review and make document production more efficient, the Parties have agreed to adopt the following protocol with respect to handling responsive documents or ESI that may include privileged information.

    a. ***Communications with Outside Counsel***.   The Parties agree that privileged communications between a Party and its outside counsel following the filing of this lawsuit need not be included on a privilege log.

    b. ***Redacted Documents***.  Redacted documents need not be logged if:

        i.  the reason for the redaction and any other information that would otherwise appear on a log is noted on the face of the document; and

        ii.  the bibliographic information (to, from, etc.) is not redacted.

14.     The Parties shall generate a listing of all other withheld or redacted documents and ESI in electronic spreadsheet format in compliance with Federal Rule of Civil Procedure 26(b)(5).

15.     In the event of inadvertent disclosure of privileged information, the Parties will proceed in accordance with the Stipulated Federal Rule of Evidence 502(d) Order in this matter (Doc. 45), any protective order or confidentiality order entered by the Court, any Court-ordered modifications thereto.

16.     Nothing in this ESI Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Producing Party's claim that documents or ESI is protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege, protection, or immunity from disclosure.

4871-9843-5448

## V.     Third Party ESI Discovery

17.     If a non-party production is not produced with Bates Numbers, the Party issuing the request will endorse the non-party production with unique prefixes and Bates Numbers prior to producing them to all other parties, as well as any confidentiality designations made by any party or non-party pursuant to any protective order or confidentiality order entered by the Court, or an agreement entered into by the Parties.

**IT IS SO STIPULATED**, through Counsel of Record.

*/s/ David J. Tsai*                           
David J. Tsai
John Steger
Natalie Truong
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:  (415) 983-1000
Email: david.tsai@pillsburylaw.com
Email: john.steger@pillsburylaw.com
Email: natalie.truong@pillsburylaw.com

*Attorneys for Plaintiff*
*KIOSK Information Systems, Inc.*

*/s/ Alec P. Harris*                           
Charles W. Steese
Papetti Samuels Weiss McKirgan LLP
16430 N. Scottsdale Road, Suite 290
Scottsdale, AZ  85254
Telephone:  (480) 800-3537
Email:  csteese@pswmlaw.com

Alec P. Harris
ARMSTRONG TEASDALE LLP
4643 S. Ulster Street, Suite 800
Denver, CO  80237
Telephone:  (720) 200-0676
Email: aharris@atllp.com

*Attorneys for Defendants Cole Kepro*
*International, LLC d/b/a American Kiosks,*
*Eric Nebola, Taylor Lightsey, and*
*Michael Rasmussen*

**SO ORDERED.**

Dated:    8/25/2023

_____
Kathryn A. Starnella
United States Magistrate Judge

**SCHEDULE A**

**PRODUCTION FORMAT AND METADATA**

1.      **Production Components.**  Productions shall include single page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2.      **Image Load File** data shall contain the following, or program equivalent, delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, PAGE COUNT.

3.      **Metadata Fields and Metadata File.**  The Parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists. The Parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, except for the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and DOCUMENTCUSTODIAN.

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| DOCUMENTCUSTODIAN | Individual from whom the documents originated |
| ADDITIONALCUSTODIAN | Additional individual(s) from whom the documents originated. |
| CONFIDENTIALITY | Confidentiality designation assigned to document |
| FROM | The name and email address of the sender of the email |

7

| Field Name | Field Description |
|---|---|
| TO | All recipients who were included on the "To" line of the email |
| CC | All recipients who were included on the "CC" line of the email |
| BCC | All recipients who were included on the "BCC" line of the email |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| LASTMODIFIED | Date an electronic document was last modified (format: MM/DD/YYYY) (Edoc or attachment) |
| SUBJECT | The subject line of the email |
| DOCUMENT TITLE | The name of the file electronically assigned |
| FILE SIZE | Size of the file in bytes |
| FILE EXTENSION | Extension of each file, which indicates the file type (e.g., .xls, .doc, .pdf, .pst) |
| PAGECOUNT | Image Count |
| DOCUMENT SUBJECT | Document Subject |
| DOCUMENT AUTHOR | Document Author |
| CREATED DATE | Document Created datetime |
| MD5 Hash | Unique Identifier of the file |
| NATIVELINK | Contains path to native files |
| TEXTLINK | Contains Path to .TXT files |

4.   **TIFF/Native File Format Production.**   The Parties agree that all nonredacted versions of Excel spreadsheets (or similar spreadsheets created using a different software program), audio and video files, and PowerPoint presentations (or similar documents created using a different software program) will be produced in native

4871-9843-5448

format.  A party may also reasonably request that Microsoft Keynote files be produced in their native format.  If substantial reason exists to request production of file types other than those specifically set forth above, in native format, a party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied.  Similarly, a party may elect to produce a document in native format at the party's reasonable discretion.  Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Paragraph 3 in this Schedule.

Documents that exist only in hard copy format shall be scanned and produced as TIFFs.  Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs.  Unless excepted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) resolution and 8 ½ x 11 inch page size, or in native format.  Each TIFF image shall be named according to a unique corresponding Bates number associated with the document.  Each image shall be branded according to the Bates number and the agreed upon confidentiality designation.  Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape) when possible.  TIFFs shall show all text and images that would be visible to a user of the original documents.

Any file produced in native format need not be imaged.  Instead, a single-page placeholder image shall be produced that indicates the file was produced in native format and contains the Bates number of the corresponding file and any confidentiality designation.  Each native file produced shall also include the confidentiality designation and Bates number provided on the placeholder image in the file name.

5.   **Text Files.**  A single multi-page text file shall be provided for each document, and the filename should match its respective TIFF filename.  A commercially

4871-9843-5448

acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents.  When possible, the text of native files should be extracted directly from the native file.  Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents.  All documents shall be produced with a link in the TextLink field.

Any file produced in native format need not be imaged.  Instead, a single-page placeholder image shall be produced that indicates the file was produced in native format and contains the bates number of the corresponding file and any confidentiality designation.  Each native file produced shall also include the confidentiality designation and Bates number provided on the placeholder image in the file name.

6.      **Image Load Files / Data Load Files.**  Each TIFF in a production must be referenced in the corresponding image load file.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production.  The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production.  The total number of documents in a production should match the total number of records in the data load file.

7.      **Bates Numbering.**  Each page of a produced document will have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document.  The Bates Number for each page of each document will be created so as to identify the Producing Party.  In the case of materials redacted or deemed confidential, a redaction or confidentiality designation may be "burned" onto the document's image.  The confidentiality designation will be burned onto the document at a location that does not obliterate, conceal, or interfere with any information from the source document.  Parent-

4871-9843-5448

child relationships will be preserved, and the link between parents and children shall be maintained.  Family documents will be consecutively produced with the children directly following the parent in the order of the original document or ESI, and children will be mapped to their parents using Attachment Begin/Attachment End metadata fields.  When scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple documents—documents should be logically unitized.

8.      **Confidentiality Designation.**  If the Producing Party produces ESI subject to a claim that it is protected from disclosure under a protective order or confidentiality order entered by the Court, or an agreement entered into by the Parties, the Producing Party shall electronically "burn" the confidentiality designation onto each page of the document.  Inadvertent failure to comply with this procedure shall not waive any protection of confidential treatment to the extent that a document is later designated as confidential in the manner provided in a protective order, confidentiality order, or other agreement between the Parties.  Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

9.      **Redaction Of Information.**   If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

10.     **Proprietary Files.**   To the extent a response to discovery requires production of ESI accessible only through proprietary software, the Parties should continue to preserve each version of such information.  The Parties shall meet and confer to finalize the appropriate production format.

4871-9843-5448

11.     **Production Media.**  Documents may be password-protected or encrypted and produced through electronic means, such as secure file sharing methods (e.g., FTP), or on CD, DVD, flash drive or external hard drive ("Production Media").  Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001").  Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media.  Nothing in this Order will preclude or impair any and all protections provided the parties by any Protective Order(s) agreed and entered into by the parties.

12.     **Databases and Other Structured Data.**  The Parties shall meet and confer regarding the production format and scope of data contained in databases to ensure that any information produced is reasonably usable by the Receiving Party and that its production does not impose an undue burden on the Producing Party, by, for example, requiring development of reports and/or software code to extract the information.  To avoid doubt, information will be considered reasonably usable when produced in CSV format, tab-delimited text format, Microsoft Excel format, or Microsoft Access format.  To the extent a party is constrained from producing responsive ESI because of a third-party license or because software necessary to view the ESI is hardware-dependent, the Parties shall meet and confer to reach an agreement on alternative methods to enable the Requesting Party to view the ESI.

4871-9843-5448

**SCHEDULE B**

1.      Systems no longer in use that cannot be accessed.

2.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3.      Backup systems and/or tapes or hard drives no longer in use.

4.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

5.      Automatically saved versions of documents and emails.

6.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

7.      Dynamic fields in databases or log files not stored or retained in the usual course of business.

8.      Information created or copied during the routine, good-faith performance of processes for the deployment, maintenance, retirement, and disposition of computer equipment.

9.      On agreement of the Parties after a meet and confer, other forms of ESI the Producing Party identifies as requiring unreasonable, disproportionate, and/or non-routine, affirmative measures to preserve that are not utilized in the ordinary course of business.

4871-9843-5448